NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROGER GORDON, | No. 09-15438 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-03341-SI |
| v. | |
| STATE BAR OF CALIFORNIA, Committee on Bar Examiners; et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Roger Gordon appeals pro se from the judgment dismissing his 42 U.S.C.

§ 1983 action for failure to state a claim.  We have jurisdiction under 28 U.S.C.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo, *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), and we affirm.

The district court properly dismissed Gordon's due process claim because he had not sought review by the California Supreme Court. *See Giannini v. Comm. of Bar Examiners of State Bar of Cal.*, 847 F.2d 1434, 1435 (9th Cir. 1988) (per curiam) ("Under California law, only the state supreme court, not the Committee of Bar Examiners, has the authority to grant or deny admission to the bar."); *see also Chaney v. State Bar of Cal.*, 386 F.2d 962, 966 (9th Cir. 1967) ("An applicant seeking review of a decision by the Committee must file a petition for review by the California Supreme Court."). "Until such review is completed, an applicant has no basis for any claim of deprivation under federal law because no deprivation has taken place." *Giannini*, 847 F.2d at 1435.

The district court properly dismissed Gordon's equal protection claim because he failed to allege that persons similarly situated suffered unequal treatment or that defendants acted with intent to discriminate based on his membership in a protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005) (affirming that the plaintiff must allege that defendants "acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class").

The district court properly dismissed Gordon's First Amendment claim because attending an ABA-accredited school is not the only path for qualifying for the California state bar examination and Gordon is not deprived of his right not to associate with an ABA-accredited school. *See* Cal. Bus & Prof Code § 6060(e) (outlining several alternative paths for qualifying to sit for the state bar examination); *see also Besig v. Dolphin Boating & Swimming Club*, 683 F.2d 1271, 1276 (9th Cir. 1982) (rejecting plaintiffs' First Amendment claim brought under nonassociation theory where membership in club may have been more favorable but was not mandatory to access desired facilities).

Gordon's remaining contentions are unpersuasive.

**AFFIRMED**.