**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TANESHA BLYE, et al., | No. 10-17032 |
| Plaintiffs-Appellants, | D.C. No. 3:10-cv-02014-SI |
| v. | |
| ALEX KOZINSKI, et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from The United States District Court
for the Northern District Of California
Susan Illston, District Judge, Presiding

Submitted November 14, 2011**
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and DUFFY, District Judge.***

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Kevin Thomas Duffy, United States District Judge for the Southern District of New York, sitting by designation.

Tanesha Blye, et al. ("Appellants"), represented by attorney Joseph R. Giannini ("Giannini") appeal the district court's dismissal of the case. Appellants first allege that Judge Illston abused her discretion in declining to recuse herself from the instant case after she concluded that it was related to *Paciulan v. George*, 38 F. Supp. 2d 1128 (N.D. Cal. 1999), over which she also presided. Second, Appellants contend that the district court absued its discretion in finding that Giannini failed to comply with the requirements of the 1999 pre-filing order in *Paciulan*, which formed the basis of both 1) Judge Walker's denial of Appellants' application for leave to file the complaint, and 2) Judge Illston's dismissal of the complaint. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition. We have jurisdiction under 28 U.S.C. § 1291 and we AFFIRM.

## DISCUSSION

**1.** **District Judge Illston Did Not Abuse Her Discretion in Declining to Recuse Herself From the Case**

Appellants contend that the district court's prior adjudication of Giannini's similar cases gives an appearance of questionable impartiality and amounts to personal bias on the part of Judge Illston under 28 U.S.C. §§ 144 and

455(a). The two provisions, which are substantively the same, *see United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997), require disqualification when the judge's impartiality might reasonably be questioned. 28 U.S.C. § 455(a). The test for whether a judge abused her discretion in failing to recuse herself from the case is objective: "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 870 (9th Cir. 1991) (citation omitted). In undertaking this inquiry, it "is critically important . . . to identify the facts that might reasonably cause an objective observer to question [the judge's] impartiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988).

Here, Appellants identify no such facts. That Judge Illston merely presided over previous related proceedings is not a basis for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1148 (9th Cir. 2010) (holding that the fact that a district judge presided over the litigants' prior civil case, in and of itself, was not a basis for recusal in a later proceeding). Indeed, the Supreme Court has held "that judicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *Id.* at 1147 (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)). Further, the Court explained that "'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings,

or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Id.* (quoting *Liteky*, 510 U.S. at 555). Morever, "'expressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration." *Pesnell v. Arsenault*, 543 F.3d 1038, 1044 (9th Cir. 2008) (quoting *Liteky*, 510 U.S. at 555-56). Accordingly, Appellants' claim fails because they have not demonstrated that Judge Illston's denial of their recusal motion represented any clear error in judgment; Appellants identify no facts to support a conclusion that Judge Illston's impartiality may reasonably be questioned.

## 2. The District Court Did Not Abuse Its Discretion in Finding That Giannini Failed to Comply With the Requirements of the 1999 Pre-Filing Order

Appellants contend that Chief Judge Walker abused his discretion in denying leave to file the complaint in this case and also that Judge Illston abused her discretion in dismissing the complaint based on Giannini's failure to comply with the 1999 pre-filing order.[1] Both of these arguments fail.

---

[1] Appellants also appear to contest the validity of the 1999 pre-filing order itself; however, this argument is waived because of Appellants' failure to raise the issue before the district court. *See Art Attacks Ink, LLC v. MGA Enter. Inc.*, 581 F.3d 1138, 1143 (9th

-4-

Judge Walker denied Giannini's application for leave to file the complaint because Giannini "fail[ed] to present the court with a single factual or legal matter his proposed new action would include that he has not asserted previously before another court," and because Giannini could not show that the claims were not frivolous or made in bad faith. Order Denying Application for Admission, No. 3:98-cv-01201-51, at 5 (N.D. Cal. Apr. 2, 2010). Giannini has not demonstrated that this finding was clearly erroneous, as the instant case relies on the same arguments rejected in prior proceedings, which notably precipitated the 1999 pre-filing order. Appellants' contentions of purported "revolutionary factual allegations and seismic changes in the law," do not alter this analysis.

Further, Judge Illston did not abuse her discretion in dismissing the complaint because Appellants failed to obtain the prerequisite leave to file their complaint pursuant to the terms of the 1999 pre-filing order. Appellants' contention that they received implicit permission to proceed with this case because their complaint was docketed by the district clerk's office lacks any merit, given that Judge Walker explicitly denied them leave to file a complaint. Accordingly, Appellants have not demonstrated that Judge Illston's decision to dismiss the case because of Giannini's

Cir. 2009) (finding that the litigant waived his non-jurisdictional argument on appeal because of a failure to raise it before the district court).

failure to obtain the prerequisite leave of court was clearly erroneous.

**AFFIRMED.**