**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF MULTIJURISDICTION PRACTICE , ALLISON GIRVIN, MARK ANDERSON, MARK KOLMAN,
*Plaintiffs-Appellants*,

v.

Hon. REBECCA WHITE BERCH, Chief Justice, Arizona Supreme Court, Hon. W. SCOTT BALES, Vice Chief Justice; Hon. JOHN PELANDER; Hon. ROBERT M. BRUTINEL,
*Defendants-Appellees*.

No. 13-17082

D.C. No.
2:12-cv-01724-
BSB

OPINION

Appeal from the United States District Court
for the District of Arizona
Bridget S. Bade, Magistrate Judge, Presiding

Argued and Submitted
October 6, 2014—Phoenix, Arizona

Filed December 8, 2014

Before: Dorothy W. Nelson, Barry G. Silverman,
and Milan D. Smith, Jr., Circuit Judges

Opinion by Judge Milan D. Smith, Jr.

# SUMMARY[*]

### Civil Rights

The panel affirmed the district court's summary judgment in favor of justices of the Arizona Supreme Court in an action challenging Arizona Supreme Court Rule 34(f), which describes how experienced attorneys can be admitted on motion to the State Bar of Arizona.

Rule 34(f) permits admission on motion to the Arizona Bar for attorneys who are admitted to practice law in states that permit Arizona attorneys to be admitted to the bars of those states on a basis equivalent to Arizona's, but requires attorneys admitted to practice law in states that do not have such reciprocal admission rules to take the uniform bar exam in order to gain admission to the Arizona Bar.

The panel held that plaintiffs established Article III standing based on injuries suffered by plaintiff Alison Girvin, a member of the State Bar of California, who took and failed Arizona's uniform bar exam and was unable to practice as an Arizona attorney.

The panel held that plaintiffs failed to establish that the Arizona Rule is unconstitutional on Fourteenth Amendment, First Amendment, or Privileges and Immunities Clause grounds. The panel therefore rejected plaintiffs' claims that the Arizona Rule discriminates against attorneys admitted to the bar in states that do not have reciprocity with Arizona.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel further held that the Arizona Rule (1) does not favor Arizona's in-state citizens over out-of-state citizens; and (2) is a reasonable time, place, and manner restriction that serves a substantial government interest. The panel held that any negative impact on interstate commerce stemming from the Arizona Rule was mitigated by the existence of alternative means of admission to the Arizona Bar. Finally, the panel affirmed the district court's order denying plaintiffs' motion to amend their complaint under Fed. R. Civ. P. 15(a) to join a John Doe plaintiff.

## COUNSEL

Joseph R. Giannini (argued), Los Angeles, California, for Plaintiffs-Appellants.

Eryn M. McCarthy (argued), Assistant Attorney General, Phoenix, Arizona, for Defendants-Appellees.

Alan B. Morrison (argued), Public Citizen Litigation Group, Washington, D.C., for Amicus Curiae Public Citizen, Inc.

**OPINION**

M. SMITH, Circuit Judge:

Plaintiffs-Appellants (Plaintiffs) National Association for the Advancement of Multijurisdictional Practice (NAAMJP), Allison S. Girvin, and Mark Anderson filed suit against justices of the Arizona Supreme Court challenging Arizona Supreme Court Rule 34(f) (the AOM Rule), which describes how experienced attorneys can be admitted on motion to the State Bar of Arizona (Arizona Bar). The AOM Rule permits admission on motion to the Arizona Bar for attorneys who are admitted to practice law in states that permit Arizona attorneys to be admitted to the bars of those states on a basis equivalent to Arizona's AOM Rule, but requires attorneys admitted to practice law in states that do not have such reciprocal admission rules to take the uniform bar exam (UBE) in order to gain admission to the Arizona Bar. Anderson, Girvin, and NAAMJP allege that the AOM Rule is unconstitutional under the First Amendment, the Dormant Commerce Clause, and the Privileges and Immunities Clauses of Article IV and the Fourteenth Amendment.

We hold that the AOM Rule is constitutional, and that the district court did not err in dismissing Plaintiffs' claims on summary judgment, or in denying leave to amend Plaintiffs' complaint to permit the joinder of John Doe.

**FACTUAL AND PROCEDURAL BACKGROUND**

NAAMJP is a non-profit corporation whose stated mission is to improve the legal profession by promoting the adoption of the American Bar Association's (ABA) recommendation for reciprocal bar admission. The ABA

encourages states to permit experienced attorneys to be admitted to their bars on motion, provided those attorneys are admitted to the bar in another state.

Allison Girvin is a member of the State Bar of California, who received a score of 272 on the UBE, one point below the passing score required by Arizona. Girvin appealed her UBE score, but she has not received a breakdown of the score from the Arizona Supreme Court. She has not applied for admission to the Arizona Bar under the AOM Rule. Girvin currently lives in Arizona and states that she wishes to practice law in Arizona.

Mark Anderson is a member of the State Bar of Montana, who asserts that Arizona's AOM Rule has restricted him from moving to Arizona to practice law. Anderson has not taken the UBE. Like Girvin, Anderson has not applied for admission to the Arizona Bar pursuant to the AOM Rule.

The Rules of the Arizona Supreme Court provide three methods of admission to the Arizona Bar: (1) admission by taking and passing the UBE, (2) admission pursuant to the AOM Rule, and (3) admission by transfer of a UBE score from another jurisdiction. Ariz. R. Sup. Ct. 34(a)–(h). Anderson, Girvin, and NAAMJP challenge the second of these methods, which provides for admission on motion for attorneys who "have been admitted by bar examination to practice law in another jurisdiction allowing for admission of Arizona lawyers on a basis equivalent to this rule." Ariz. R. Sup. Ct. 34(f)(1)(A). This effectively means that Arizona permits admission on motion to its bar for attorneys admitted in states having reciprocal admission rules for Arizona-barred attorneys, but requires that attorneys admitted to practice law

in states that do not have reciprocal admission rules take the UBE.

On July 1, 2013, the Arizona Supreme Court expanded Rule 34(f)(1) to permit admission to the Arizona Bar on motion for some attorneys admitted in non-reciprocal jurisdictions. Specifically, after July 1, 2013, attorneys admitted to practice law by bar examination in a non-reciprocal jurisdiction, but who are subsequently admitted to practice law on motion in a jurisdiction that has reciprocity with Arizona, and have actively practiced for five of the last seven years in that jurisdiction, are eligible for admission in Arizona under the AOM Rule.

Anderson, Girvin, and NAAMJP brought suit in the District of Arizona challenging the constitutionality of the AOM Rule on First Amendment, Fourteenth Amendment, Dormant Commerce Clause, and Privileges and Immunities Clause grounds. NAAMJP's counsel, Joseph Giannini, has brought challenges to bar admission requirements in several courts. *See Blye v. Kozinski*, 466 Fed. App'x. 650 (9th Cir. 2012); *Paciulan v. George*, 229 F.3d 1226 (9th Cir. 2000); *Giannini v. Real*, 911 F.2d 354 (9th Cir. 1990); *Giannini v. Comm. of Bar Exam'rs*, 847 F.2d 1434 (9th Cir. 1988); *Nat'l Ass'n for Advancement of Multijurisdiction Practice v. Gonzales*, 211 F. App'x 91 (3d Cir. 2006). Mr. Giannini is currently subject to a pre-filing order issued in the Northern District of California requiring him "to pay monetary sanctions for signing a frivolous complaint, having an improper purpose, and making scandalous allegations against various judges and defendants." *Paciulan v. George*, 38 F. Supp. 2d 1128, 1132 (N.D. Cal. 1999) *aff'd*, 229 F.3d 1226 (9th Cir. 2000).

On August 6, 2013, Plaintiffs filed a motion to join a John Doe plaintiff. John Doe, an attorney admitted to the State Bar of Florida by examination, and to the Texas and Tennessee bars on motion, argues that the amendments to Arizona's AOM Rule are unconstitutional. Although Texas and Tennessee share reciprocity with Arizona, John Doe is ineligible for admission on motion in Arizona because he has not actively practiced in either Texas or Tennessee for five of the last seven years. He alleges he is afraid to disclose his identity for fear of retaliation.

The district court granted summary judgment to Defendants-Appellees (Defendants). Although the district court did not conclusively determine whether Anderson, Girvin, and NAAMJP had standing, it granted Defendants summary judgment on the merits on all of Plaintiffs' claims. The district court also declined to allow John Doe to join this action because his challenges did not arise out of the same transactions or occurrences as those of the remaining Plaintiffs. Anderson, Girvin, and NAAMJP timely filed this appeal.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 1331. We review a grant of summary judgment *de novo*. We determine, viewing the evidence in the light most favorable to the nonmoving party, whether the district court correctly applied the relevant substantive law and whether there are any genuine issues of material fact. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 954 (9th Cir. 2013).

## DISCUSSION

### I.  Standing

We first address whether Anderson, Girvin, and NAAMJP have standing to challenge the AOM Rule. Plaintiffs assert that they are injured by Arizona's AOM Rule. Defendants respond that this case does not present a justiciable case or controversy under Article III of the Constitution because Anderson, Girvin, and NAAMJP lack the requisite injury, and because their claims do not qualify for the relaxed standing analysis utilized in First Amendment cases.

### A.  Article III Standing

To establish Article III standing, Girvin, Anderson or NAAMJP must show that they suffered a concrete injury, that there is a causal connection between the injury and Defendants' conduct, and that the injury will likely be redressed by a favorable decision from this court. *See Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014).

Girvin alleges an injury that meets Article III requirements. She took and failed the UBE. She is currently working in Scottsdale, Arizona, but is unable to practice as an Arizona attorney. Although she has not applied to be admitted to the Arizona Bar pursuant to the AOM Rule, such an application would be futile because she is a member of the State Bar of California, which does not have reciprocity with Arizona. *Taniguchi v. Schultz*, 303 F.3d 950, 957 (9th Cir. 2002) ("We have consistently held that standing does not require exercises in futility.").

Since Girvin establishes Article III standing, an analysis of Anderson and NAAMJP's standing is unnecessary. *See California ex rel. Imperial Cnty. Air Pollution Control Dist. v. U.S. Dep't of the Interior*, 767 F.3d 781, 789 (9th Cir. 2014) ("We need not address the standing of each plaintiff if we conclude that any plaintiff has standing.") (citing *Nat'l Ass'n of Optometrists & Opticians v. Brown*, 567 F.3d 521, 523 (9th Cir. 2009)).

## B. First Amendment Standing

Because an analysis of Girvin and Anderson's First Amendment standing requires us to delve into the merits of their claims, it is sufficient to note at this point of our opinion that the AOM Rule does not chill speech, nor does it infringe on attorneys' rights to be present in court and express themselves. Even if attorneys are ineligible to be admitted in Arizona on motion, they may still gain admission by passing the UBE. The presence of alternative means to gain admission limits the amount of speech that might otherwise be restricted by the AOM Rule, and suggests that Anderson does not have First Amendment standing.

NAAMJP does not have First Amendment standing. NAAMJP argues that it possesses First Amendment standing based on *Citizens United v. Federal Election Commission*, 558 U.S. 310 (2010). NAAMJP's argument seems to be that since *Citizens United* recognizes that corporate organizations have certain First Amendment rights, NAAMJP does as well. However, even if NAAMJP enjoys First Amendment rights pursuant to *Citizens United*, NAAMJP is not claiming that *its* political speech is restricted. Rather, NAAMJP claims that the AOM Rule restricts the speech of its members, something its members cannot prove.

## II. Fourteenth Amendment Equal Protection Clause

Since Girvin has established Article III standing, and we must  consider the merits of Girvin and Anderson's claims in order to fully evaluate their First Amendment standing, we now proceed with a consideration of the merits of Plaintiffs' claims. Plaintiffs argue, first, that the AOM Rule discriminates against attorneys admitted to the bar in states that do not have reciprocity with Arizona, and therefore, that the Rule violates the Equal Protection Clause of the Fourteenth Amendment.

Since the AOM Rule does not disadvantage a suspect class or infringe on a fundamental right, the Rule is subject to rational basis review. *See Lupert v. Cal. State Bar*, 761 F.2d 1325, 1328 (9th Cir. 1985) ("State and federal courts generally have subjected state bar admission restrictions to mere rational basis analysis."). "To survive rational basis review, [the AOM Rule] must be 'rationally related to a legitimate state interest.'" *Arizona Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1065 (9th Cir. 2014) (quoting *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985)).

The AOM Rule serves two legitimate state purposes. First, the AOM Rule helps Arizona regulate its bar: "The Supreme Court is extremely deferential to legislative classifications in actions challenging regulation of licensed professions." *Lupert*, 761 F.2d at 1328. Moreover, by honoring reciprocal bar requirements, the state of Arizona helps to ensure that its attorneys are treated equally in other states. States that share reciprocity with Arizona will likely continue to admit Arizona-barred attorneys on motion because members of the bar in those states are eligible for reciprocal privileges in Arizona.

The AOM Rule serves these purposes without being unduly restrictive. Attorneys seeking admission in Arizona have alternative means to obtain Arizona Bar membership, namely by passing the UBE. Thus, we conclude that the AOM Rule does not violate Plaintiffs' rights under the Fourteenth Amendment's Equal Protection Clause.

## III.    Privileges and Immunities Clause, Article IV, Section 2

Plaintiffs next argue that the AOM Rule deprives them of a privilege protected by Article IV, Section 2 of the U.S. Constitution; namely, the right to practice law. In *Supreme Court of New Hampshire v. Piper*, the Supreme Court held that the practice of law is a fundamental right under the Privileges and Immunities Clause because it is "important to the national economy" and because it "has a noncommercial role and duty." 470 U.S. 274, 281 (1985).

We conclude that Arizona's AOM Rule does not contravene Article IV, Section 2's Privileges and Immunities Clause because it does not favor Arizona's in-state citizens over out-of-state citizens. The purpose of the Privilege and Immunities Clause is to prevent "a state from discriminating against citizens of other states in favor of its own." *Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 511 (1939). The AOM Rule is neutral: the State of Arizona imposes the same bar admission requirements on its own citizens as it does on citizens of other states. If a citizen of Arizona is admitted to the bar in a state that does not share reciprocity with Arizona, then the attorney is not eligible to be admitted to the Arizona Bar on motion, irrespective of the attorney's residency or citizenship status.

The cases cited by Plaintiffs stand only for the proposition that bar admission rules that impose *residency requirements* on bar applicants violate the Privileges and Immunities Clause. *See Piper*, 470 U.S. at 275 (resident of Vermont challenging New Hampshire's limit of bar admission to New Hampshire residents); *Sup Ct. of Va. v. Friedman*, 487 U.S. 59, 61 (1988) (resident of Illinois challenging Virginia's limit of bar admission to Virginia residents). The AOM Rule, on the other hand, relies solely on state of bar admission, and applies equally to residents and non-residents of Arizona.

Even if Arizona's AOM Rule did infringe on a right protected by the Privileges and Immunities Clause, the Rule is closely related to advancing a substantial state interest. *See Friedman*, 467 U.S. at 65. As noted *supra*, the state of Arizona has a considerable interest in regulating its state bar and in ensuring that attorneys licensed in Arizona will be treated equally in states having reciprocity with Arizona. Accordingly, the AOM Rule does not violate the Privileges and Immunities Clause, Article IV, Section 2.

## IV.     Privileges and Immunities Clause, Fourteenth Amendment

Plaintiffs also argue that the AOM Rule deprives them of a fundamental right protected by the Privileges and Immunities Clause of the Fourteenth Amendment. The Supreme Court, however, has made clear that the Privileges and Immunities Clause of the Fourteenth Amendment only protects those rights accruing from citizenship of the United States, *Slaughter-House Cases*, 83 U.S. 36, 77 (1872), and the right to practice law is not one of those rights. *See Paciulan v. George*, 229 F.3d 1226, 1229 (9th Cir. 2000) ("The courts and legal commentators have interpreted the [*Slaughter-*

*House*] decision as rendering the Clause essentially nugatory.").

Plaintiffs seem to argue that the AOM Rule burdens their right to travel to Arizona from non-reciprocal states. The Fourteenth Amendment Privileges and Immunities Clause does recognize that travelers becoming permanent residents of a new state have "the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999). In this case that right is not infringed because the AOM Rule treats non-state residents the same way as it treats residents of Arizona. In *Saenz*, by contrast, California discriminated on the basis of residency by limiting welfare benefits during a recipient's first year of California residency to the amount that the recipient would have received in the state of his prior residence. *Id.* at 492.

## V.  First Amendment Right to Free Speech

Plaintiffs present several arguments concerning the First Amendment right to free speech, including a claim that the AOM Rule chills speech by excluding lawyers from practicing in the state, that the AOM Rule is a prior restraint on speech, and that the AOM Rule constitutes content and viewpoint discrimination.

Plaintiffs' arguments on First Amendment free speech grounds mistake the appropriate First Amendment framework for analyzing the AOM Rule. We  consider bar admission restrictions to be time, place, and manner restrictions on speech. *See Mothershed v. Justices of Sup. Ct.*, 410 F.3d 602, 611 (9th Cir. 2005) ("In order to further its substantial interest in regulating the legal profession, the State of Arizona may institute reasonable time, place, and manner restrictions on

Arizonans' First Amendment right to consult with an attorney."). As such, the AOM Rule must be "narrowly tailored to a substantial governmental interest" and "leave open ample alternative channels for communication of the information." *Id*. "A time, place, and manner restriction is narrowly tailored as long as the substantial governmental interest it serves 'would be achieved less effectively absent the regulation and the regulation achieves its ends without . . . significantly restricting a substantial quantity of speech that does not create the same evils.'" *Id*. at 612 (quoting *Galvin v. Hay*, 374 F.3d 739, 753 (9th Cir. 2004)).

We hold that the AOM Rule is a reasonable time, place, and manner restriction. Arizona is regulating the practice of law, and such regulation is a substantial government interest. *See id*. at 611. Arizona also grants attorneys the option to pass the UBE to gain admission to its bar, which reduces the quantity of speech that the AOM Rule might otherwise restrict. *See id*. at 612.

Girvin and Anderson thus lack standing under the relaxed standing analysis in First Amendment cases, which permits plaintiffs to challenge a statute whose very existence chills expression, even if the plaintiffs have not suffered a concrete injury. *See Broadrick v. Oklahoma*, 413 U.S. 601, 612 (1973).

## VI.    First Amendment Right to Association and Right to Petition

Plaintiffs next argue that Arizona's AOM Rule abridges their freedom to associate with non-reciprocal states, and

forces attorneys to associate with reciprocal states.[1] This is an attenuated reading of the First Amendment right to associate, which only encompasses the "'right to associate with others in pursuit of a wide variety of political, social, economic, educational, religious, and cultural ends.'" *Boy Scouts of Am. v. Dale*, 530 U.S. 640, 647 (2000) (quoting *Roberts v. U.S. Jaycees*, 468 U.S. 609, 622 (1984)). Arizona attorneys and non-Arizona attorneys are free to associate with attorneys who are members of the bars of other states, whether these other states enjoy reciprocity with Arizona or not. Moreover, the AOM Rule provides bar applicants alternative means for gaining membership in the Arizona Bar. The presence of these alternative means significantly decreases any obstacles to the freedom to associate that might otherwise result from the AOM Rule.

A parallel response addresses Plaintiffs' claims on First Amendment Petition Clause grounds. "[T]he Petition Clause protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes." *Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488, 2494 (2011). The AOM Rule ultimately does not deny Appellants meaningful access to the courts. As long as attorneys are admitted under the AOM Rule, or pass the UBE,

---

[1] We summarily dismissed the same line of reasoning in a memorandum disposition in 2010. In *Gordon v. State Bar of California*, a California bar applicant challenged on freedom of association grounds California's requirement that he attend an ABA-accredited law school. 369 F. App'x 833, 835 (9th Cir. 2010). We concluded that "[t]he district court properly dismissed Gordon's First Amendment claim because attending an ABA-accredited school is not the only path for qualifying for the California state bar examination and Gordon is not deprived of his right not to associate with an ABA-accredited school." *Id.*

they may still practice in Arizona courts. *See Paciulan v. George*, 229 F.3d 1226, 1230 (9th Cir. 2000).

## VII.    Dormant Commerce Clause

The Commerce Clause of the U.S. Constitution, Article I, Section 8, prohibits states from discriminating against interstate commerce, and bars state regulations that, although facially nondiscriminatory, unduly burden interstate commerce. *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1148 (9th Cir. 2012).

"Although the Constitution does not in terms limit the power of States to regulate commerce, [the Supreme Court has] long interpreted the Commerce Clause as an implicit restraint on state authority, even in the absence of a conflicting federal statute." *United Haulers Ass'n, Inc. v. Oneida-Herkimer Solid Waste Mgmt. Auth.*, 550 U.S. 330, 338 (2007). When the Court thus construes the Commerce Clause, the Clause is often referred to as the Dormant Commence Clause. Anderson, Girvin, and NAAMJP argue that the AOM Rule violates the Dormant Commerce Clause because it disqualifies attorneys from bar admission based on the states where they were licensed, which in turn prevents those attorneys from moving to and practicing in Arizona. As with their other claims, Plaintiffs' claims on Dormant Commerce Clause grounds are without merit.

Like the Privileges and Immunities Clause, Article IV, Section 2, the Dormant Commerce clause is intended to limit economic protectionism by states, i.e., "regulatory measures designed to benefit in-state economic interests by burdening out-of-state competitors." *New Energy Co. of Ind. v. Limbach*, 486 U.S. 269, 273 (1988). "The central rationale for

the rule against discrimination is to prohibit state or municipal laws whose object is local economic protectionism, laws that would excite those jealousies and retaliatory measures the Constitution was designed to prevent." *C & A Carbone, Inc. v. Town of Clarkstown, N.Y.*, 511 U.S. 383, 390 (1994).

Where a state statute or regulation burdens interstate commerce, we weigh the burden against the police power of the state. *See Conservation Force, Inc. v. Manning*, 301 F.3d 985, 993 n.7 (9th Cir. 2002). When the statute or regulation "even-handedly . . . effectuate[s] a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits." *Pike v. Bruce Church, Inc.*, 397 U.S. 137, 142 (1970).

As noted in our analysis of Plaintiffs' Privileges and Immunities Clause arguments, the AOM Rule does not discriminate against out-of-state interests and favor in-state interests. Arizona requires the same of its citizens as it does citizens of other states. The AOM Rule also arguably promotes some commerce because it encourages other state jurisdictions to reciprocally recognize the professional license held by Arizona attorneys who can then relocate to other states, and practice there. Even if the AOM Rule were discriminatory, however, a state can legitimately regulate the practice of law for public protection purposes. *Cf. Mothershed v. Justices of Sup. Ct.*, 410 F.3d 602, 611 (9th Cir. 2005)(finding that a state has a substantial interest in regulating bar requirements).

Any negative impact on interstate commerce stemming from the AOM Rule is further mitigated by the existence of alternative means of admission to the Arizona Bar. If an attorney is not eligible for admission to the bar under the AOM Rule, she can still take the UBE and be admitted to practice in Arizona. In *Scariano v. Justices of Supreme Court of Indiana*, the Seventh Circuit considered a Dormant Commerce Clause challenge to Indiana's rule that an out-of-state practitioner can only be admitted to practice before its bar on motion if they practice "predominantly" in Indiana for a period of five years. 38 F.3d 920, 923 (7th Cir. 1994). The Seventh Circuit concluded that this requirement did not burden commerce because "any discriminatory effects are mitigated by offering the bar exam as an alternative means of admission." *Id*. at 925–26. We are persuaded by the Seventh Circuit's reasoning, and apply the same rationale to Plaintiffs' Dormant Commerce Clause challenge to Arizona's AOM Rule.

The Supreme Court cases relied on by amicus curiae Public Citizen are inapposite. These cases find violations of the Dormant Commerce Clause where a state completely barred commerce based on a lack of reciprocity, and did not provide alternative means for out-of-state businesses to sell commodities in the state. *See Sporhase v. Nebraska*, 458 U.S. 941, 957 (1982) ("[T]he reciprocity provision operates as an explicit barrier to commerce between the two States."); *Great Atl. & Pac. Tea Co. v. Cottrell*, 424 U.S. 366, 377 (1976). In the one case cited by amicus curiae in which a state did not completely bar commerce, "the out-of-state product [was] placed at a substantial commercial disadvantage through discriminatory tax treatment." *Limbach*, 486 U.S. at 275. The cited cases differ from the present case because attorneys from non-reciprocal states are not categorically denied

admission to the Arizona Bar, nor are they placed at a significant economic disadvantage by the AOM Rule. Attorneys barred in non-reciprocal states still have the option to take the Arizona UBE to gain admission to the Arizona Bar.

## VIII.   Intervention of John Doe Plaintiff

During the pending litigation in district court, Plaintiffs filed a motion to amend their complaint under Federal Rule of Civil Procedure 15(a) to join a John Doe plaintiff. The district court denied the motion. We review the denial of a motion for leave to amend under the deferential abuse of discretion standard and will not revisit the district court's decision denying Plaintiff's motion. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

We conclude that the district court did not err in finding that John Doe, an attorney admitted to the bar in Florida and admitted to practice on motion in Texas and Tennessee, was challenging a separate provision of law that did not arise out of the same transaction or occurrences claimed by Plaintiffs in their complaint. Fed. R. Civ. P. 20(a)(1)(A) ("Persons may join in one action as plaintiffs if: . . . they assert [a] right to relief . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences.").

## IX.    Conclusion

The district court correctly granted summary judgment to the justices of the Arizona Supreme Court. Although Plaintiffs can establish Article III standing based on injuries suffered by Girvin, Plaintiffs fail to establish that the AOM

Rule is unconstitutional on First Amendment, Fourteenth Amendment, or Privileges and Immunities Clause Grounds. We affirm the decision of the district court. All outstanding motions filed by Plaintiffs-Appellants and Defendants-Appellees are denied. Each party shall bear its own costs on appeal.

**AFFIRMED.**