NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTONIO PURECO, a California individual; DAVID CARRILLO, by and through his Conservator, Felipe Carrillo, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> ALLSTATE INDEMNITY COMPANY, an Illinois Corporation, <br><br> Defendant-Appellee. | No. 19-55061 <br><br> D.C. No. 2:18-cv-02079-SVW-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted April 1, 2020[**]
Pasadena, California

Before: PAEZ, CALLAHAN, and VANDYKE, Circuit Judges.

When Antonio Pureco made an un-signaled U-turn, he was struck by a car

driven by David Carrillo and sustained severe injuries. His attorney made a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

policy-limits demand on Allstate Indemnity Company (Allstate), because Felipe Carrillo, David's father, had a $100,000 policy with Allstate. However, the attorney failed to provide Allstate with information concerning Pureco's injury that Allstate thought it needed to assess the demand until shortly before the demand expired. After reviewing such information, Allstate proffered the policy limit within a day of the demand's expiration, but it was rejected. Pureco sued the Carrillos and received a $5,000,000 judgment. Pureco and the Carrillos then entered into an agreement whereby the Carrillos assigned Pureco their right to pursue claims against Allstate and Pureco agreed never to execute on the judgment. Pureco sued Allstate for tortious breach of the implied covenant of good faith and fair dealing. The district court granted summary judgment for Allstate, concluding that although Allstate may have made a mistake or been negligent, it did not act in a deliberate manner that would support a finding of bad faith. Pureco appealed, we have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

On an appeal from a grant of summary judgment, we view the evidence in the light most favorable to the nonmoving party. *Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1044 (9th Cir. 2014).

---

[1] Because the parties are familiar with the facts of this case, we do not discuss them further here.

Under California law, to prevail on a claim for bad faith refusal to settle, a plaintiff must first show that "the third party made a reasonable offer to settle the claims against the insured for an amount within the policy limits." *Graciano v. Mercury Gen. Corp.*, 179 Cal. Rptr. 3d 717, 726 (Ct. App. 2014). Second, such a claim "requires proof the insurer unreasonably failed to accept an otherwise reasonable offer within the time specified by the third party for acceptance." *Id*.

In *Chateau Chamberay Homeowners Ass'n v. Associated Intern. Insurance Co.*, the state appellate court explained:

> allegations which assert such a claim must show that the conduct of the defendant, whether or not it also constitutes a breach of a consensual contract term, demonstrates a failure or refusal to discharge contractual responsibilities, prompted not by an honest mistake, bad judgment or negligence but rather by a conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party thereby depriving that party of the benefits of the agreement.

108 Cal. Rptr. 2d 776, 783 (Ct. App. 2001) (*Chateau Chamberay*) (quoting *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.,* 272 Cal. Rptr. 387, 399-400 (Ct. App. 1990), *as modified on denial of reh'g* (Oct. 31, 2001)).

Courts can decide bad faith claims as a matter of law where the facts are not disputed. *Chateau Chamberay*, 108 Cal. Rptr. 2d at 784 ("While the reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact, it becomes a question of law where the evidence is undisputed and only one reasonable inference can be drawn from the evidence.").

3

The relevant facts concerning the policy-limits demand and Allstate's late acceptance of the demand are, as the district court noted, undisputed. The district court's grant of summary judgment was based on two determinations: (1) "no reasonable jury could conclude that there was a substantial likelihood of an excess judgment when the settlement demand expired"; and (2) "no reasonable jury could find that Defendant acted in bad faith."

We affirm the grant of summary judgment based on the district court's second determination. To prevail, Pureco must show that Allstate's failure to accept the policy-limits demand was "a conscious and deliberate act," rather than "an honest mistake, bad judgment or negligence." *Chateau Chamberay*, 108 Cal. Rptr. 2d at 783. Even viewing the facts in the light most favorable to Pureco, there is nothing to suggest that Allstate's delayed acceptance was anything more than "an honest mistake, bad judgment or negligence." *See id.* From the moment Allstate received the policy-limits demand, it asked Andrew Zeytuntsyan, who represented Pureco, for more information about Pureco's injuries, but he failed to provide it until late on the Friday afternoon preceding the Monday deadline. There is evidence that suggests that Zeytuntsyan knew the Allstate agent was not in the office at that time and would not be in the office on Monday. Even if Zeytuntsyan did not know that the agent would be out, Allstate's failure to evaluate the additional material until Tuesday morning was at most negligence, not "a

4

conscious and deliberate act, which unfairly frustrates the agreed common purposes and disappoints the reasonable expectations of the other party." [2] *Id.*

Finally, our affirmance of the district court's determination that Allstate made a mistake or was negligent precludes a determination of oppression, fraud or malice that is necessary to succeed on a claim for punitive damages. *See In re First All. Mortg. Co.*, 471 F.3d 977, 998 (9th Cir. 2006) (holding that California law requires clear and convincing evidence of fraud, oppression, or malice).

The district court's grant of summary judgment for Allstate is **AFFIRMED**.

---

[2] Although the district court determined that the demand's failure to specifically cover both David and Felipe Carrillo and failure to account for the Medi-Cal claim did not render the demand unreasonable as a matter of law these concerns nonetheless support Allstate's reluctance to initially accept the demand.