**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 27 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERICK JOHN DODAKIAN,<br><br>            Plaintiff-Appellant,<br><br> v.<br><br>ANDREW BUTTERS, Badge #21242; CITY OF TEMPE, AKA Tempe Police Department,<br><br>            Defendants-Appellees,<br><br> and<br><br>UNKNOWN PARTIES, named as John Does 1-5, Jane Does 1-5, Black Corporations 1-5 and White Partnerships 1-5,<br><br>            Defendant. | No.    23-15484<br><br>D.C. No. 2:21-cv-01184-MTL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Michael T. Liburdi, District Judge, Presiding

Submitted March 27, 2024[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: FRIEDLAND, SANCHEZ, and H.A. THOMAS, Circuit Judges.

Erick John Dodakian brought this 42 U.S.C. § 1983 action against Officer Andrew Butters, the City of Tempe, and the Tempe Police Department ("Defendants") raising claims related to Dodakian's arrest.[1] Dodakian now appeals pro se from the district court's orders dismissing certain of his claims in the First Amended Complaint, striking his Second Amended Complaint, denying leave to file a Second Amended Complaint, denying his motion to compel, and granting summary judgment in favor of Defendant Butters on qualified immunity grounds. We have jurisdiction under 28 U.S.C. § 1291. We affirm.[2]

1. Defendants argue that we have jurisdiction to review only the order granting summary judgment, but not the remaining orders because those orders are not final. "[A] party may appeal interlocutory orders after entry of final judgment because those orders merge into that final judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 897 (9th Cir. 2001); *see also Digit. Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994) ("[A] party is entitled to a single appeal, to be deferred until final judgment has been entered, in

---

[1] Dodakian also named several fictitious parties who are not relevant to this appeal.

[2] Dodakian has also filed a motion to transmit a court record of testimony given by Butters in another case, but that testimony does not appear to be part of the summary judgment record, nor has Dodakian presented any exceptional circumstances justifying expanding the record on appeal, so that motion is denied. *United States v. Boulware*, 558 F.3d 971, 976 (9th Cir. 2009).

2

which claims of district court error at any stage of the litigation may be ventilated."). The district court has entered judgment in this case, so we have jurisdiction to review the prior orders as well as the summary judgment order.

2. Reviewing de novo, *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000), we affirm the district court's order dismissing certain claims in the First Amended Complaint for failure to state a claim. The First Amended Complaint is made up of primarily legal conclusions, with few factual allegations. In reviewing a complaint, we cannot accept legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accepting the factual allegations as true and construing the First Amended Complaint liberally, the allegations are not sufficient to support Dodakian's due process, false arrest, deliberate indifference, *Monell*, cruel and unusual punishment, or negligent infliction of emotional distress claims.

3. We review the orders striking the Second Amended Complaint, denying the renewed motion for leave to file a Second Amended Complaint, and denying the motion to compel for an abuse of discretion. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018) (order on motion to strike); *Nat'l Ass'n for the Advancement of Multijurisdiction Prac. v. Berch*, 773 F.3d 1037, 1049 (9th Cir. 2014) (order denying leave to amend); *Hallett v. Morgan*, 296 F.3d 732, 751

3

(9th Cir. 2002) (order denying motion to compel). The district court did not abuse its discretion, so we affirm.

The district court did not abuse its discretion in striking the Second Amended Complaint because Dodakian had not moved for leave to file an amended complaint under Federal Rule of Civil Procedure 15(a)(2). Dodakian argues that Defendants had agreed to allow him to file the Second Amended Complaint, and the district court ignored that agreement. The parties had agreed to extend the deadline for Dodakian to file his First Amended Complaint, and Dodakian did file that First Amended Complaint. Dodakian does not point to any agreement allowing him to file a Second Amended Complaint later.

The district court did not abuse its discretion in denying Dodakian's subsequent renewed motion for leave to file a Second Amended Complaint because it failed to comply with the local rules. *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012).

The district court did not abuse its discretion in denying the motion to compel because Dodakian failed to comply with the court's discovery dispute resolution procedure. *Hallett*, 296 F.3d at 751; *Tri-Valley CAREs*, 671 F.3d at 1131.

4. Reviewing de novo, *Rodriquez v. Bowhead Transp. Co.*, 270 F.3d 1283, 1286 (9th Cir. 2001), we affirm the order granting summary judgment in favor of

4

Defendant Butters.  Viewing the facts in the light most favorable to Dodakian, Dodakian has not shown that Butters' use of force was excessive in violation of the Fourth Amendment.  Given the circumstances—including Dodakian's repeated failure to comply with Butters' commands to move away from broken glass, Dodakian's efforts to resist arrest, and Dodakian's threat to punch Butters—Butters did not use excessive force in taking hold of Dodakian's arm, pushing Dodakian to the ground with a leg maneuver, or applying force to hold him in place.[3]  *O'Doan v. Sanford*, 991 F.3d 1027, 1037 (9th Cir. 2021).

**AFFIRMED.**

---

[3] Dodakian now argues that Butters used excessive force by failing to give him crutches or a wheelchair after he left the hospital.  Dodakian failed to raise that argument in the district court, and we will not consider it for the first time on appeal.  *Steam Press Holdings, Inc. v. Haw. Teamsters, Allied Workers Union, Loc. 996*, 302 F.3d 998, 1005 (9th Cir. 2002).