NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 5 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SHAWN LYNCH, | No. 23-4281 |
| Plaintiff - Appellant, | D.C. No. 3:22-cv-03704-WHA |
| v. | |
| MATTERPORT, INC; RJ PITTMAN; DAVE GAUSEBECK; MATT BELL; CARLOS KOKRON; PETER HEBERT; JASON KRIKORIAN; MIKE GUSTAFSON, | MEMORANDUM* |
| Defendants - Appellees. | |

| | |
|---|---|
| SHAWN LYNCH, | No. 24-188 |
| Plaintiff - Appellee, | D.C. No. 3:22-cv-03704-WHA |
| v. | |
| MATTERPORT, INC, | |
| Defendant - Appellant, | |
| and | |
| RJ PITTMAN, DAVE GAUSEBECK, MATT BELL, CARLOS KOKRON, PETER HEBERT, JASON | |

---

      *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

KRIKORIAN, MIKE GUSTAFSON,

    Defendants.

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted March 3, 2025[**]
Pasadena, California

Before: SANCHEZ and H.A. THOMAS, Circuit Judges, and LIBURDI, District Judge.[***]

Appellant/Cross-Appellee Shawn Lynch appeals the district court's orders granting summary judgment in favor of Appellee/Cross-Appellant Matterport, Inc. and denying leave to file a third amended complaint. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

We review the district court's grant of summary judgment de novo. *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). Ordinarily, we review the district court's denial of leave to amend for abuse of discretion. *Nat'l Ass'n for the Advancement of Multijurisdiction Prac. v. Berch*, 773 F.3d 1037, 1049 (9th Cir. 2014). However, where a district court has denied leave to amend on the basis of futility, we review such decision de novo. *Kroessler v. CVS Health Corp.*, 977 F.3d

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

803, 807 (9th Cir. 2020).

1. The district court properly granted summary judgment on Lynch's claim for breach of the implied covenant of good faith and fair dealing. To become a Matterport Service Partner ("MSP"), Lynch agreed to certain terms and conditions in the operative contract. The agreement provides that "in Matterport's sole discretion, Matterport may [] refer customer leads to You when available." The agreement also includes a no-warranty provision, stating:

> MATTERPORT DOES NOT REPRESENT OR WARRANT: (a) THAT THE PROGRAM WILL MEET YOUR NEEDS OR REQUIREMENTS; (b) THAT THE PROGRAM WILL INCREASE YOUR BUSINESS OR REVENUE; OR (c) THE NUMBER [of] LEADS THAT THE PROGRAM WILL GENERATE FOR YOUR BUSINESS.

It is well settled under California law that the implied covenant of good faith and fair dealing "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Avidity Partners, LLC v. State*, 165 Cal. Rptr. 3d 299, 320 (Ct. App. 2013) (citations omitted). Reading into the contract a mandatory duty to provide leads and a prohibition against competition with MSPs would improperly impose substantive duties and limits on Matterport beyond those incorporated in the agreement. *Id.*; *see also Guz v. Bechtel Nat'l, Inc.*, 8 P.3d 1089, 1110 (Cal. 2000) ("The covenant thus cannot be endowed with an existence independent of its contractual underpinnings.")

(cleaned up). Accordingly, the district court did not err by granting Matterport summary judgment.

2. The district court did not err by denying Lynch's request to file a third amended complaint. Lynch does not explain how any proposed amendments could cure the defects on the merits of the implied covenant claim. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) ("Futility of amendment can, by itself, justify the denial of a motion for leave to amend.").

Because we affirm these orders, we need not address the arguments related to the district court's class certification order. *Skokomish Indian Tribe v. United States*, 410 F.3d 506, 519–20 (9th Cir. 2005).

**AFFIRMED.**