**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUSSELL THAW; et al., | No. 16-15777 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-01703-JWS |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
John W. Sedwick, District Judge, Presiding

Submitted October 2, 2017**
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

District of Arizona Local Civil Rule 83.1(a) ("LRCiv 83.1(a)") limits

membership in the bar of the district court to attorneys who are active members in

good standing of the Arizona State Bar. Thaw and others seek to practice before

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the court but are unwilling to pursue admission to the Arizona State Bar. They sued the government in the district court, challenging the statutory and constitutional validity of LRCiv 83.1(a). The district court granted the government's motion to dismiss, and Appellants timely appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Appellants first argue that LRCiv 83.1(a) cannot be reconciled with *Frazier v. Heebe*, 482 U.S. 641 (1987). The supervisory authority that the Supreme Court exercised in *Frazier* is unavailable to the district court or to us. Moreover, contrary to Appellants' intimations otherwise, *Frazier* did not create a heightened level of constitutional scrutiny for "federal discrimination" against attorneys barred in another state.

2. Appellants also urge that 28 U.S.C. §§ 2071 and 2072, read in tandem, prohibit local rules that "abridge, enlarge or modify any substantive right."

Section 2071(a) requires local rules to "be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072." Section 2072, in turn, states that "[t]he Supreme Court shall have the power to prescribe general rules of practice and procedure . . . in the United States district courts" and that "[s]uch rules shall not abridge, enlarge or modify any substantive right."

"It is well established that when the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (internal quotation marks omitted).

Section 2072(a) confers on "[t]he Supreme Court . . . the power to prescribe general rules of practice and procedure . . . for cases in [the lower federal courts]." Section 2072(b) applies to "[s]uch rules," that is, the rules the Supreme Court has prescribed under § 2072(a).  Similarly, the "rules of practice and procedure prescribed under section 2072" referenced in § 2071(a) are, on any conventional reading of the text, those rules the Supreme Court has prescribed pursuant to its authority under § 2072(a).

Since LRCiv 83.1(a) is not a general rule of practice and procedure that the Supreme Court has prescribed under § 2072(a), § 2072(b) does not apply to it. Moreover, although § 2071(a) requires a local rule to be "consistent with Acts of Congress and the rules of practice and procedure prescribed under section 2072,"

Appellants have not shown LRCiv 83.1(a) to be inimical to any of these authorities.[1]

3. Appellants also allege that LRCiv 83.1(a) unconstitutionally attenuates their rights to free speech, to free association, and to petition the government. This court rejected similar claims in *National Ass'n for Advancement of Multijurisdiction Practice v. Berch*, 773 F.3d 1037, 1047 (9th Cir. 2014), and the considerations that prevailed in *Berch* have equal force here.

4. Appellants discern a constitutional deformity in LRCiv 83.1(a) arising under the Supremacy Clause. As they see it, LRCiv 83.1(a) "assign[s] federal jurisdiction over patent lawyers to the Arizona Supreme Court" despite Congress's express intent to occupy the field of patent and copyright practice and procedure. Such delegation is, they claim, proscribed by the Supremacy Clause. Since it is the federal tribunal that adopted the state's licensing requirements, however, there is no tension between the federal rule and state law. Hence, LRCiv 83.1(a) does not offend the Supremacy Clause.

---

[1] Appellants cite Supreme Court Rule 5, Federal Rules of Appellate Practice 46, and 5 U.S.C. § 500(b). But those are rules governing admission to the Bar of the Supreme Court, admission to the Bar of the Courts of Appeals, and the representation of another person before an agency respectively. They are silent on admission to the Bar of the District of Arizona.

5.  Finally, Appellants assert that LRCiv 83.1(a) is incongruent with 28 U.S.C. § 1738, which provides that the "[authenticated] records and judicial proceedings of any court of any . . . State, Territory or Possession [of the United States] . . . shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

As we held in *Giannini v. Real*, 911 F.2d 354, 360 (9th Cir. 1990), the predicate for a full faith and credit claim is an act, record, or judicial proceeding of some state that establishes appellants' entitlement to practice law in the forum state. No such document has been adduced in the record.[2]

**AFFIRMED.**

---

[2]  Appellants attempt to raise, on appeal, substantive claims arising under the Privileges and Immunities Clause and the Equal Protection Clause. Because they do not argue that the district court erred in treating these claims as abandoned, this issue is waived. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).