**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LAWYERS FOR FAIR
RECIPROCAL ADMISSION,

*Plaintiff - Appellant*,

v.

UNITED STATES OF AMERICA;
MERRICK B. GARLAND, Attorney
General; Honorable MARY H.
MURGUIA, Chief Circuit Judge;
Honorable MICHAEL DALY
HAWKINS, Circuit Judge;
Honorable MORGAN B.
CHRISTEN, Circuit Judge;
Honorable SANDRA S. IKUTA,
Circuit Judge; Honorable
MICHELLE T. FRIEDLAND,
Circuit Judge; Honorable ERIC D.
MILLER, Circuit Judge; Honorable
BRIAN M. MORRIS, Chief District
Judge; MIRANDA M. DU, District
Judge; PHYLLIS J. HAMILTON,
District Judge; Honorable RONALD
S.W. LEW, Senior District Judge; G.
MURRAY SNOW, District Judge;
SUSAN M. BRNOVICH, District
Judge; DIANE J. HUMETEWA,

No. 24-2213

D.C. No.
2:22-cv-01221-
MWM

OPINION

District Judge; DOMINIC LANZA, District Judge; Honorable MICHAEL T. LIBURDI, District Judge; STEVEN PAUL LOGAN, District Judge; Honorable DOUGLAS L. RAYES, District Judge; JOHN JOSEPH TUCHI, District Judge; JOHN CHARLES HINDERAKER, District Judge; ROSEMARY MÁRQUEZ, District Judge; Honorable SCOTT H. RASH, District Judge; JAMES ALAN SOTO, Senior District Judge; JENNIFER G. ZIPPS, Chief District Judge; Honorable PHILIP S. GUTIERREZ, District Judge; FERNANDO L. AENLLE-ROCHA, District Judge; PERCY ANDERSON, District Judge; ANDRÉ BIROTTE, Jr., District Judge; STANLEY BLUMENFELD, Jr., District Judge; MICHAEL W. FITZGERALD, District Judge; Honorable MAAME EWUSI-MENSAH FRIMPONG, District Judge; SHERILYN PEACE GARNETT, District Judge; DOLLY M. GEE, District Judge; JOHN W. HOLCOMB, District Judge; R. GARY KLAUSNER, District Judge; JOHN A. KRONSTADT, District Judge; FERNANDO M. OLGUIN, District Judge; VIRGINIA A.

PHILLIPS, District Judge; MARK C. SCARSI, District Judge; JOSEPHINE L. STATON, District Judge; JOHN F. WALTER, District Judge; Honorable STEPHEN V. WILSON, District Judge; Honorable OTIS D. WRIGHT II, District Judge; GEORGE H. WU, Senior District Judge; MARCO A. HERNANDEZ, Senior District Judge; ANN L. AIKEN, District Judge; DAVID G. ESTUDILLO, District Judge; Honorable STANLEY ALLEN BASTIAN, District Judge; Honorable SHARON L. GLEASON, Chief District Court; DERRICK KAHALA WATSON, District Judge; J. MICHAEL SEABRIGHT, District Judge; DAVID C. NYE, District Judge; STEPHEN W KENYON; Honorable RICHARD SEEBORG, Chief District Judge; DANA M. SABRAW, District Judge; KIMBERLY J. MUELLER, District Judge,

*Defendants - Appellees*.

Appeal from the United States District Court
for the District of Arizona
Michael W. Mosman, District Judge, Presiding

Submitted January 14, 2025[*]
Pasadena, California

Filed June 20, 2025

Before: Ronald M. Gould and Mark J. Bennett, Circuit
Judges, and David A. Ezra, District Judge.[**]

Opinion by Judge Bennett

## SUMMARY[***]

### Ninth Circuit General Admission Local Rules

The panel affirmed the district court's dismissal with
prejudice of a lawsuit brought by Lawyers for Fair
Reciprocal Admissions ("LFRA") challenging local rules of
the federal district courts in the Ninth Circuit that require an
attorney seeking general admission to the district court to be
a member in good standing of the bar of the state in which
the district court is located ("Admission Rules").

The panel held that, except for its Sixth Amendment
claim, LFRA pleaded standing to bring claims on behalf of

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

[***] This summary constitutes no part of the opinion of the court. It has
been prepared by court staff for the convenience of the reader.

its members. However, LFRA lacked standing to bring a Sixth Amendment right to counsel claim on behalf of itself or its members. The Sixth Amendment protects criminal defendants, not their lawyers, and LFRA did not allege that it or any of its members were facing prosecution as defendants in any criminal case and were denied counsel or had their choice of counsel constrained, nor did it allege any other invasion of a legally protected interest.

The panel held that LFRA's remaining claims failed on the merits.

First, the Admission Rules do not violate separation of powers or federalism principles because a federal district court's conditioning of general admission to its own bar on forum state membership does not cede *any* power of the federal judiciary, whether to a coequal branch or to a state.

Second, the Admission Rules do not violate Article IV's Privileges and Immunities Clause or the Fourteenth Amendment's Privileges or Immunities Clause because federal district courts' conditioning of general admission to their bars on forum state bar membership does not involve any action by states. Nor do the Rules discriminate based on state of residence.

Third, the Admission Rules do not violate the Fifth or Fourteenth Amendment's Equal Protection Clause because, applying rational basis review, there are legitimate reasons for conditioning general admission to a district court on forum state bar membership.

Fourth, the Admission Rules do not violate the First Amendment as they are not unlawful prior restraints, nor do they unlawfully restrict speech based on communicative

content. They do not deprive LFRA members of the right to petition or infringe on the right to associate.

Fifth, the Admission Rules do not violate the Full Faith and Credit Act because admission to one state's bar does not establish that any attorney is qualified to practice in any other state.

Sixth, the Admission Rules do not implicate 28 U.S.C. § 2072(b) of the Rules Enabling Act or § 332(d)(4) of the statutory rules for the Ninth Circuit Judicial Council because they are not general rules of practice and procedure prescribed by the Supreme Court under § 2072(a).

Seventh, the Admission Rules do not violate Federal Rules of Civil Procedure 1 and 83 because Rules 1 and 83 do not create a private right of action.

Eighth, LFRA's procedural due process claims failed because they lack sufficient factual allegations.

Finally, the panel held that the district court did not abuse its discretion in dismissing LFRA's amended complaint without leave to amend because LFRA's complaint could not be saved by amendment.

---

### COUNSEL

Joseph R. Giannini, Los Angeles, California, for Plaintiff-Appellant.

Emory T. Hurley, Assistant United States Attorney; Caitlin B. Noel, Appellate Chief; Gary M. Restaino, United States Attorney; Office of the United States Attorney, United States Department of Justice, Phoenix, Arizona; for Defendants-Appellees.

# OPINION

BENNETT, Circuit Judge:

Each of the federal district courts within the Ninth Circuit has adopted local rules requiring an attorney seeking general admission to the district court to be a member of the bar of the state in which the district court is located ("Admission Rules").  Lawyers for Fair Reciprocal Admissions ("LFRA") sued the United States, the U.S. Attorney General, and certain federal circuit and district judges in the Ninth Circuit (collectively, "Defendants"), challenging the Admission Rules on various constitutional, statutory, and procedural grounds.  LFRA appeals the district court's dismissal of its challenge.  Because the Admission Rules are constitutional, we affirm.[1]

## I.  BACKGROUND

LFRA is a public benefit corporation under California law, with offices in Los Angeles.[2]  LFRA alleges that its members include lawyers who are barred in various states outside the Ninth Circuit, who do not wish to join another state bar, and who cannot seek general admission to a federal district court within the Ninth Circuit as a result.  LFRA challenges the local rules of the federal district courts in the

---

[1] We deny LFRA's motion for judicial notice, Dkt. No. 53, and motion to consolidate, Dkt. No. 60.

[2] LFRA's counsel, Joseph R. Giannini, has filed many challenges to bar admission rules as party or attorney since the 1980s, including a number that have reached this court.  *See, e.g.*, *Giannini v. Real*, 911 F.2d 354, 356 (9th Cir. 1990) (citing *Giannini v. Comm. of Bar Exam'rs*, 847 F.2d 1434, 1435 (9th Cir. 1988)); *Nat'l Ass'n for the Advancement of Multijurisdiction Prac. v. Berch*, 773 F.3d 1037, 1043 (9th Cir. 2014) (collecting cases).

Ninth Circuit that require an attorney seeking general admission to the district court to be a member in good standing of the bar of the state in which the district court is located.[3]

LFRA's amended complaint alleges that the Admission Rules violate (1) the separation of powers; (2) the First Amendment; (3) the Sixth Amendment right to counsel; (4) the Full Faith and Credit Act, 28 U.S.C. § 1738; (5) statutory rules for the Ninth Circuit Judicial Council, 28 U.S.C. § 332(d)(4); (6) Rules 1 and 83 of the Federal Rules of Civil Procedure; (7) the Rules Enabling Act, 28 U.S.C. §§ 2071–2072; (8) the Fifth and Fourteenth Amendments; (9) the Privileges and Immunities Clause; and (10) Fifth Amendment due process.

Defendants moved to dismiss the amended complaint for lack of standing under Rule 12(b)(1) and for failure to state a claim under Rule 12(b)(6).[4] The district court held that LFRA's allegations sufficed to confer associational standing at the pleading stage on all claims except the Sixth Amendment claim. The district court dismissed the Sixth Amendment claim for lack of standing and dismissed the remaining claims for failure to state a claim. All claims were dismissed with prejudice. LFRA timely appealed the district

---

[3] *See* D. Alaska Civ. R. 83.1(a); D. Ariz. Civ. R. 83.1(a); C.D. Cal. Civ. R. 83-2.1.2.1; E.D. Cal. R. 180(a); N.D. Cal. Civ. R. 11-1(b); S.D. Cal. Civ. R. 83.3(c)(1)(a); D. Haw. Civ. R. 83.1(a); D. Idaho Civ. R. 83.4(a); D. Mont. R. 83.1(a)(2)(A); D. Nev. R. IA 11-1(a)(1); D. Or. Civ. R. 83-2; E.D. Wash. Civ. R. 83.2(a)(1); W.D. Wash. Civ. R. 83.1(b). We cite the local rules in effect when LFRA filed its complaint.

[4] LFRA filed a motion for summary judgment, and a motion for judgment on the pleadings. The district court denied the motion for judgment on the pleadings as procedurally premature and did not rule on the motion for summary judgment.

court's dismissal of the amended complaint and denial of the motion for judgment on the pleadings.[5]

## II. STANDARD OF REVIEW

We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal of a complaint for lack of jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6). *Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). "The nature of the dismissal requires us to accept all allegations of fact in the complaint as true and construe them in the light most favorable to the plaintiffs," *id.*, but "we are not required to accept as true conclusory allegations" or "legal conclusions merely because they are cast in the form of factual allegations," *id.* (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)). We review for abuse of discretion a district court's decision to dismiss with prejudice and without leave to amend. *Herring Networks, Inc. v. Maddow*, 8 F.4th 1148, 1155 (9th Cir. 2021). And we review de novo a district court's ruling on a motion for judgment on the pleadings. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005).

---

[5] LFRA also seeks to appeal the district court's "refusing to address and dismissing" its motion for summary judgment. But as a practical matter, that motion was mooted by the district court's grant of the motion to dismiss, with prejudice. Moreover, since we affirm the dismissal with prejudice, LFRA could not have been prejudiced by the district court's decision to take up the motion to dismiss first. And as a technical matter, the district court never ruled on LFRA's summary judgment motion, so there is no "final decision[]" on that motion for us to review. *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009) (quoting 28 U.S.C. § 1291).

### III.  DISCUSSION

"Since the founding of the Republic, the licensing and regulation of lawyers has been left exclusively to the States and the District of Columbia within their respective jurisdictions." *Leis v. Flynt*, 439 U.S. 438, 442 (1979) (per curiam).  The Supreme Court has long understood that "the Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another." *Id.* at 443 (collecting cases).  And we have recognized that "[f]ederal courts have inherent and broad regulatory authority to make rules respecting the admission, practice, and discipline of attorneys in the federal courts." *Gallo v. U.S. Dist. Ct. for the Dist. of Ariz.*, 349 F.3d 1169, 1179–80 (9th Cir. 2003) (citing *Ex parte Robinson*, 86 U.S. (19 Wall.) 505 (1873); *Ex parte Garland*, 71 U.S. (4 Wall.) 333 (1867)); *see also Frazier v. Heebe*, 482 U.S. 641, 645 (1987) (recognizing that "a district court has discretion to adopt local rules that are necessary to carry out the conduct of its business," including "the regulation of admissions to its own bar").

Falling within this regulatory authority is the discretion to adopt local rules that "rely on the infrastructure provided by state bar associations in meeting [district courts'] own needs for monitoring attorney admission and practice in the federal courts." *Gallo*, 349 F.3d at 1180 (citing *Russell v. Hug*, 275 F.3d 812 (9th Cir. 2002)).  The incorporation of state bar admission rules into the federal bar Admission Rules is an instance of such permissible reliance.  In *Giannini v. Real*, 911 F.2d 354 (9th Cir. 1990), we upheld the constitutionality of the admission rules of the U.S. District Courts of the Central, Eastern, and Southern Districts of California against challenges under Article IV's Full Faith and Credit Clause, the Fifth Amendment's Equal

Protection Clause, and a "right to travel" derived from the Constitution. *Id.* at 355, 359–60, 360 n.7; *see id.* at 357 & n.5 (noting Giannini claimed a violation of a right to travel derived from the Commerce Clause but holding that "[t]he lack of disparate treatment of non-residents or recent arrivals" is "fatal to Giannini's claims" based on the right to travel, whether derived from the Privileges and Immunities Clause or otherwise). In light of this precedent, we plow little new ground here.

## A. Standing

A plaintiff organization may have standing to sue on its own behalf, based on alleged injuries to itself, *FDA v. All. for Hippocratic Med.*, 602 U.S. 367, 393–94 (2024), or standing to sue on behalf of its members, based on alleged injuries to those members, *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 181 (2000). For the latter, a plaintiff organization must sufficiently allege that (1) "[its] members would otherwise have standing to sue in their own right," (2) "the interests at stake are germane to the organization's purpose," and (3) "neither the claim asserted nor the relief requested requires the participation of individual members in the lawsuit." *LA All. for Hum. Rts. v. County of Los Angeles*, 14 F.4th 947, 959 (9th Cir. 2021) (quoting *Friends of the Earth*, 528 U.S. at 181). To meet the first prong, the plaintiff organization must allege "a member suffers an injury-in-fact that is traceable to the defendant and likely to be redressed by a favorable decision." *Associated Gen. Contractors of Am. v. Cal. Dep't of Transp.*, 713 F.3d 1187, 1194 (9th Cir. 2013).

Setting aside the Sixth Amendment claim, we find that LFRA has pleaded standing to bring all other claims on

behalf of its members.[6]  LFRA alleges that its members include lawyers who are barred in various states outside the Ninth Circuit, who do not wish to join another state bar, and who cannot seek general admission to a federal district court within the Ninth Circuit as a result.  This suffices as an injury in fact for claims brought on behalf of those members.  The injury is traceable to Defendants and likely to be redressed by a favorable decision (i.e., the invalidation of the Admission Rules).  Because these members would otherwise have standing to sue in their own right, LFRA's allegations satisfy the first prong of the test for associational standing.  The second and third prongs are also met.  The interests at stake are relevant to LFRA's stated purpose to "advocate for . . . reciprocal licensing everywhere."  And neither the claims asserted nor the relief requested (declaratory and injunctive relief, plus costs and fees) require the participation of LFRA's individual members in the lawsuit.

Turning to the Sixth Amendment claim, we affirm its dismissal based on LFRA's lack of standing to bring a right to counsel claim on behalf of itself or its members.  The Sixth Amendment protects criminal defendants, not their lawyers. U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence."); *Portman v. County of Santa Clara*, 995 F.2d 898, 902 (9th Cir. 1993) ("No court . . . has ever held that the Sixth Amendment protects the rights of anyone other than criminal defendants.").  And a defendant's

---

[6] Although the district court's decisions on standing do not appear to be disputed on appeal, "we have an independent obligation to consider standing at all stages because it is an Article III jurisdictional requirement." *Fellowship of Christian Athletes v. San Jose Unified Sch. Dist. Bd. of Educ.*, 82 F.4th 664, 680 (9th Cir. 2023) (en banc).

"Sixth Amendment right to counsel is personal to the defendant," whether an individual or a corporation. *Texas v. Cobb*, 532 U.S. 162, 171 n.2 (2001). LFRA does not allege that it or any of its members were facing prosecution as defendants in any criminal case and were denied counsel or had their choice of counsel constrained. Nor has LFRA alleged that it or any of its members suffered any other "invasion of a legally protected interest" that would constitute an injury under the Sixth Amendment. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Thus, LFRA lacks standing for the Sixth Amendment claim.

## B.  Failure to State a Claim

"A failure to state a claim may result from the lack of a 'cognizable legal theory' or from 'an absence of sufficient facts alleged to support a cognizable legal theory.'" *Pell v. Nuñez*, 99 F.4th 1128, 1133 (9th Cir. 2024) (quoting *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

All remaining claims by LFRA fail on the merits.

### 1.  The Admission Rules do not violate the separation of powers or federalism principles.

LFRA alleges that the Admission Rules violate separation of powers and federalism principles since states cannot exercise federal legislative power, exercise federal judicial power, or govern bar admission in federal courts (or

other states).[7]  Relatedly, LFRA alleges that the Admission Rules improperly delegate federal power to state licensing officials without an intelligible principle.  But a federal district court's conditioning of general admission to its own bar on forum state bar membership does not cede *any* power of the federal judiciary, whether to a coequal branch or to a state.  That conditioning involves only the exercise of *federal* power by a *federal* court.

The amended complaint cites *Siegel v. Fitzgerald*, 596 U.S. 464 (2022), as allegedly "squarely h[olding] non-uniform rules denying equal access to the District Courts are unconstitutional."   But the Supreme Court, in *Siegel*, described the reach of its holding much differently:

> A few observations on the limits of this decision are in order. . . .  The Court holds only that the uniformity requirement of the Bankruptcy Clause [of the Constitution] prohibits Congress from arbitrarily burdening only one set of debtors with a more onerous funding mechanism than that which applies to debtors in other States.

*Id.* at 480.  As the Bankruptcy Clause is irrelevant here, so too is *Siegel*.

---

[7] LFRA's first cause of action is entitled "violation of the separation of powers doctrine," but the allegations largely concern the division of powers between the federal government and the states, rather than the separation of powers between the three branches of federal government.

## 2. The Admission Rules do not violate Article IV's Privileges and Immunities Clause or the Fourteenth Amendment's Privileges or Immunities Clause.

LFRA challenges the Admission Rules under both Article IV's Privileges and Immunities Clause and the Fourteenth Amendment's Privileges or Immunities Clause. Both clauses apply to actions taken by states. *Nevada v. Watkins*, 914 F.2d 1545, 1555 (9th Cir. 1990) ("[T]he Privileges and Immunities Clause [of Article IV] has been construed as a limitation on the powers of the States, not on the powers of the federal government."); *Russell*, 275 F.3d at 822 ("[The] Privileges or Immunities Clause of the Fourteenth Amendment . . . applies in terms only to actions taken by states, not to those . . . taken by the federal government." (footnote omitted)); *id.* at 822 n.11 (citing *Saenz v. Roe*, 526 U.S. 489 (1999), as applying the clause "in a right-to-travel context to hold that travelers deciding to become permanent residents of a new state enjoy 'the right to be treated like other citizens of that State'" (quoting *id.* at 500)).

Federal district courts' conditioning of general admission to their bars on forum state bar membership does not involve any action by states. Moreover, "[d]iscrimination on the basis of out-of-state residency is a necessary element for a claim under [Article IV's] Privileges and Immunities Clause," but the Admission Rules do not discriminate based on state *of residence. Giannini*, 911 F.2d at 357. And "[t]he lack of disparate treatment of non-residents or recent arrivals" means there is no infringement on any right to interstate travel, whether located in the Fourteenth Amendment's Privileges or Immunities Clause

or elsewhere. *Id.* at 357 n.5. The Admission Rules implicate neither clause.

Relying on *Supreme Court of New Hampshire v. Piper*, 470 U.S. 274 (1985), and *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988), LFRA argues that "the opportunity to practice law" is a "fundamental right" protected by Article IV's Privileges and Immunities Clause. But *Piper* and *Friedman* "stand only for the proposition that bar admission rules that impose *residency requirements* on bar applicants violate the Privileges and Immunities Clause." *Nat'l Ass'n for the Advancement of Multijurisdiction Prac. v. Berch*, 773 F.3d 1037, 1046 (9th Cir. 2014) (citing *Piper*, 470 U.S. at 275; *Friedman*, 487 U.S. at 61).[8] These cases are inapposite, as the challenged Admission Rules do not discriminate between resident and nonresident attorneys.

---

[8] *Piper* was a Vermont resident's challenge to New Hampshire's limitation of bar admission to New Hampshire residents, 470 U.S. at 275, and *Friedman* was a Maryland resident's challenge to Virginia's limitation of bar admission to Virginia residents, 487 U.S. at 61. *Berch* concerned a challenge to Arizona's rule permitting admission on motion of attorneys who "have been admitted by bar examination to practice law in another jurisdiction allowing for admission of Arizona lawyers on a basis equivalent to this rule" and of attorneys "admitted to practice law by bar examination in a non-reciprocal jurisdiction, but who are subsequently admitted to practice law on motion in a jurisdiction that has reciprocity with Arizona, and have actively practiced for five of the last seven years in that jurisdiction." 773 F.3d at 1043. Because Arizona's rule "relies solely on state of bar admission, and applies equally to residents and non-residents of Arizona," we concluded that the rule "does not contravene Article IV, Section 2's Privileges and Immunities Clause." *Id.* at 1046.

### 3. The Admission Rules do not violate the Fifth or Fourteenth Amendment's Equal Protection Clause.

LFRA alleges that the Admission Rules violate equal protection. As we have previously held, there is no fundamental right to practice law, and an attorney's state of admission is not a suspect classification, so rational basis review applies. *Giannini*, 911 F.2d at 359–60 (rejecting equal protection challenge to the Admission Rules of the Central, Southern, and Eastern Districts of California after applying rational basis review); *see also Lupert v. Cal. State Bar*, 761 F.2d 1325, 1328 (9th Cir. 1985) (collecting cases subjecting bar admission restrictions to rational basis review). And we have recognized six legitimate reasons for conditioning general admission to a district court on forum state bar membership: (1) reliance on the state bar's examination and other "procedures . . . for determination of fitness to practice law"; (2) questions of forum state law "permeate" cases heard by the district court; (3) forum state bar membership "provides the district courts assurance that the character, moral integrity and fitness of prospective admittees have been approved after investigation"; (4) "allegations of professional misconduct can be brought to the attention of the State Bar"; (5) forum state bar membership "helps screen applicants [for] ethical misconduct in any other jurisdiction"; and (6) members of both the forum state bar and the district court bar "will not choose the forum for litigation on the basis of their membership in the federal bar rather than the[ir] clients' interests." *Giannini*, 911 F.2d at 360 (quoting *Giannini v. Real*, 711 F. Supp. 992, 1000 (C.D. Cal. 1989)). These reasons "amply satisfy" rational basis for the Admission

Rules of district courts not only in California but throughout the Ninth Circuit. *Id.*

### 4. The Admission Rules do not violate the First Amendment.

LFRA alleges that the Admission Rules violate the First Amendment by (1) establishing an unconstitutional prior restraint on First Amendment rights; (2) restricting speech in a manner that discriminates based on viewpoint, speaker, and content; (3) infringing the right to petition the government; and (4) infringing the right to associate.

#### a. The Admission Rules are not prior restraints on First Amendment rights.

According to LFRA, the Admission Rules impose an unconstitutional prior restraint "because they compel the plaintiffs [sic] to pass a state administered content-based licensing exam . . . in order to exercise their First Amendment freedoms to speak as a lawyer, associate with their client as a lawyer, and petition the government for the redress of grievances as a lawyer, in some United States Courthouses, but not others."  "[A] law subjecting the exercise of First Amendment freedoms to the prior restraint of a license, without narrow, objective, and definite standards to guide the licensing authority, is unconstitutional." *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 150–51 (1969).  "An outright prohibition is not required to bring a prior restraint claim; rather, 'a [licensing] scheme that places unbridled discretion in the hands of a government official or agency constitutes a prior restraint and may result in censorship.'" *Real v. City of Long Beach*, 852 F.3d 929, 935 (9th Cir. 2017) (alteration in original) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 225–26 (1990)).

The doctrine of prior restraint is a poor fit here. Even taking the allegations as true, we find any restraining effect of the Admissions Rules on protected expression to be limited. LFRA's own allegations concede that its members can still exercise "their First Amendment freedoms to speak as a lawyer, associate with their client as a lawyer, and petition the government for the redress of grievances as a lawyer, *in some United States Courthouses*" (emphasis added)—including both district courts located in the states in which they are barred and district courts to which they have been admitted pro hac vice. And a lawyer can still speak about and associate with clients in cases pending before courts to which they have not been generally admitted. *See Nat'l Ass'n for the Advancement of Multijurisdiction Practice v. Berch*, 973 F. Supp. 2d 1082, 1107 (D. Ariz. 2013) ("[A]lthough the Supreme Court has held that litigation and the right to hire counsel may be entitled to First Amendment protection, the First Amendment is not an absolute bar to government regulation on free expression and association." (citation omitted) (citing *United Mine Workers v. Ill. State Bar Ass'n*, 389 U.S. 217, 221–22 (1967); *NAACP v. Button*, 371 U.S. 415, 453 (1963))); *cf. Leis*, 439 U.S. at 443 ("[T]he Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another.").

Even if the Admission Rules can be analyzed as restrictions on protected expression (and we view them more as professional regulation), any licensing scheme contemplated by the Admission Rules does not "place[] unbridled discretion in the hands of a government official or agency" so as to constitute a prior restraint in violation of the First Amendment. *Real*, 852 F.3d at 935 (quoting *FW/PBS,*

*Inc.*, 493 U.S. at 225); c*f. Berch*, 973 F. Supp. 2d at 1107 (holding the Arizona State Bar's reciprocal admission rules do not impose an unconstitutional prior restraint). Rather, the district courts' Admission Rules provide "narrow, objective, and definite standards to guide the licensing authority," *Shuttlesworth*, 394 U.S. at 151—precisely *because* they incorporate state bar admission rules. The Admission Rules are not unlawful prior restraints.

In asserting this cause of action, the amended complaint cites to *Legal Services Corporation v. Velazquez*, 531 U.S. 533 (2001), as an example of the Supreme Court's invalidation of "prior restrictions on attorney speech." *Velazquez* concerned a congressionally imposed restriction on arguments that attorneys at Legal Services Corporation–funded grantees could make about existing welfare law while seeking relief for their indigent welfare clients. 531 U.S. at 536–37. The Court concluded that this restriction violated the First Amendment because it was "aimed at the suppression of ideas thought inimical to the Government's own interest"—not because it was a prior restraint on speech. *Id.* at 549; *see Berch*, 973 F. Supp. 2d at 1107 (noting that *Velazquez* "did not analyze the funding restriction at issue as a prior restraint on speech"). LFRA's reliance on this case is thus misplaced.

### b. The Admission Rules do not unlawfully restrict speech.

LFRA next alleges that the Admission Rules restrict speech in a manner that discriminates based on viewpoint, speaker, and content. On appeal, LFRA argues that the district court erred by not evaluating the Admission Rules under the strict scrutiny standard that applies to *content-based* speech regulations. Considering nearly identical

allegations of discrimination in a challenge to the State Bar of Arizona's reciprocal admission rules, we previously held that "the appropriate First Amendment framework for analyzing . . . bar admission restrictions" is to treat them as "time, place, and manner restrictions on speech." *Berch*, 773 F.3d at 1047. Thus, bar admission restrictions pass constitutional muster if they (1) "are justified without reference to the content of the regulated speech," (2) "are narrowly tailored to serve a significant governmental interest," and (3) "leave open ample alternative channels for communication of the information." *Mothershed v. Justs. of Sup. Ct.*, 410 F.3d 602, 611 (9th Cir. 2005) (quoting *Kuba v. 1-A Agric. Ass'n*, 387 F.3d 850, 858 (9th Cir. 2004)). As the district court correctly determined based on the Admission Rules themselves, they (1) are neutral not only as to content of the message expressed but also as to viewpoint and speaker; (2) are narrowly tailored to serve the well-recognized significant governmental interest of regulating the practice of law; and (3) leave open "alternative means for gaining membership in the [district court bar]" (i.e., pro hac vice admission), "which reduces the quantity of speech that the [Admission Rules] might otherwise restrict." *Berch*, 773 F.3d at 1047–48. The Admission Rules therefore do not impose unlawful restrictions on speech.

On appeal, LFRA argues that the district court erred by ignoring *National Institute of Family and Life Advocates v. Becerra*, 585 U.S. 755 (2018), and *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), cases that LFRA characterizes as reversing the Ninth Circuit's application of "intermediate scrutiny" to speech licensing restrictions in favor of applying strict scrutiny. But both cases concerned *content-based* regulations. *Nat'l Inst. of Fam. & Life Advocs.*, 585 U.S. at 760–61, 766 (regulations requiring crisis pregnancy centers

to provide certain notices to patients, thereby "alter[ing] the content of . . . speech" (quoting *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 795 (1988))); *Reed*, 576 U.S. at 159–61, 164 (regulations of outdoor signs that differentiated based on the sign's message).  These cases are irrelevant, as the Admission Rules do not "target speech based on its communicative content" and are therefore content-neutral.  *Reed*, 576 U.S. at 163.

### c.   The Admission Rules do not infringe the right to petition.

LFRA alleges that the Admission Rules violate the First Amendment's Petition Clause "because they presume all licensed lawyers from forty-nine states will file sham petitions for an anti-competitive purpose and only file sham petitions."  The Petition Clause protects the right "to petition the Government for a redress of grievances."  U.S. Const. amend. I.  LFRA seeks to rely on *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49 (1993), for the proposition that the right to petition means "that litigation c[an] only be enjoined when it is a sham."  But that case defines the "sham" exception to the *Noerr-Pennington* doctrine of immunity from antitrust liability for those who petition the government for redress. *Id.* at 51, 56, 60–61.  It lends no support to LFRA's challenge to the Admission Rules as restrictions on the right to petition, let alone LFRA's far-reaching interpretation of the right to petition as a right to bring any non-sham litigation in any federal court.  The right to petition does not give any lawyer, much less every lawyer, the right to practice law in every federal court because that lawyer is admitted to the bar in one state.  But the Admission Rules would not even deprive LFRA members of the right to petition as conceived by LFRA, because its members remain free to practice before

the federal courts in which they are admitted and to access other federal courts by following relevant pro hac vice procedures.

### d. The Admission Rules do not infringe the right to associate.

LFRA alleges that the Admission Rules abridge the freedom of association by depriving its members of the right to associate with potential clients in a forum state and by compelling LFRA members to associate with a forum state bar.  The amended complaint cites *NAACP v. Button*, 371 U.S. 415 (1963), and *In re Primus*, 436 U.S. 412 (1978), for the proposition that litigation is a form of political association.  But whatever the extent of litigation's First Amendment protection as an expressive activity, the cases on which LFRA seeks to rely are distinguishable.  Both cases concern restrictions on the solicitation of clients by lawyers at nonprofit advocacy organizations.[9]  *Button*, 371 U.S. at 428–29; *In re Primus*, 436 U.S. at 433.  The complaint also cites *United Mine Workers v. Illinois State Bar Association*, 389 U.S. 217 (1967), which concerned a labor union's "right to hire attorneys on a salary basis to assist its members in the assertion of their legal rights."  *Id.* at 221–22.  Since the Admission Rules do not govern the solicitation of clients or

---

[9] *See Button*, 371 U.S. at 431 ("The NAACP is not a conventional political party; but the litigation it assists . . . makes possible the distinctive contribution of a minority group to the ideas and beliefs of our society.  For such a group, association for litigation may be the most effective form of political association."); *In re Primus*, 436 U.S. at 439 ("[N]othing in this opinion should be read to foreclose carefully tailored regulation that does not abridge unnecessarily the associational freedom of nonprofit organizations, or their members, having characteristics like those of the NAACP or the ACLU.").

the hiring of lawyers, these cases are not germane to the issue here.

In the context of professional regulations, "[t]he First Amendment's protection of association prohibits [the government] from excluding a person from a profession or punishing him solely because he is a member of a particular political organization or because he holds certain beliefs." *Baird v. State Bar of Ariz.*, 401 U.S. 1, 6 (1971) (plurality opinion). LFRA alleges that the Admission Rules punish lawyers for their "object[ions] to paying union dues and saluting state flags that stand for partisan politics [with which] they disagree." But "the Constitution does not require that because a lawyer has been admitted to the bar of one State, he or she must be allowed to practice in another [state]"—including before the federal district courts located within that state. *Leis*, 439 U.S. at 443 (collecting cases). And even were we dealing here with the claim of a limited right, and not the broad one LFRA asserts, the availability of other ways to gain membership in a district court bar (i.e., pro hac vice admission) would likely also foreclose such a claim. The Admission Rules do not violate the right to associate.

LFRA's second associational theory is that the Admission Rules compel lawyers to "subsidize and associate with" a forum state bar over their objections. "[A] corollary of the right to associate is the right not to associate." *Cal. Democratic Party v. Jones*, 530 U.S. 567, 574 (2000). But as the Supreme Court held in *Keller v. State Bar of California*, 496 U.S. 1 (1990), the "compelled association" required by an integrated bar is "justified by the State's interest in regulating the legal profession and improving the quality of legal services." *Id.* at 13. In analyzing the right not to associate, we see no material difference between a

state mandating membership in an integrated bar, and a district court generally requiring membership in the bar of the state where the district court is located.

### 5. The Admission Rules do not violate the Full Faith and Credit Act.

LFRA alleges that the Admission Rules violate the Full Faith and Credit Act because a lawyer's state bar admission is "an act and record of a state supreme court" constituting a "judgment of professional competence" that must be given full faith and credit in every court within the United States. The statute provides:

> The records and judicial proceedings of any court of any . . . State . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken.

28 U.S.C. § 1738. Even if a lawyer's state bar admission counts as a state court "record[]" under the statute (which Defendants do not appear to dispute), a state court's admission determination is, by its terms, limited to that state. Admission to one state's bar does not establish that any attorney is qualified to practice in any other state. LFRA has made no claim in the complaint that any state's bar admission alone specifically addresses the right of an admittee to practice elsewhere. And we are aware of none. The admission of LFRA's director to the Virginia State Bar, for instance, means only that he can practice law in Virginia. Federal and state courts in California do not deny full faith and credit to the Virginia Supreme Court's admission determination that George may practice law *in Virginia*

when they prohibit him from practicing law *in California*. *Cf. Giannini*, 911 F.2d at 360 (holding Admission Rules of the Central, Southern, and Eastern Districts of California do not violate the Constitution's Full Faith and Credit Clause since "no act, record or judicial proceeding, in [the states in which Giannini is barred], states that Giannini is entitled to practice law in California"); *see also Thaw v. Sessions*, 712 F. App'x 604, 606 (9th Cir. 2017) (applying same logic to a Full Faith and Credit Act claim under 28 U.S.C. § 1738).

On appeal, LFRA argues that the district court erred in relying on *Thaw v. Sessions*, 712 F. App'x 604 (9th Cir. 2017), which LFRA characterizes as ruling that the Full Faith and Credit Act "*only* applies to *forum state* judicial acts and records" (second emphasis added). But the district court here and this court in *Thaw* did not so rule. Rather, both courts explained that the predicate for the claim that LFRA seeks to advance would be a record from some state (i.e., any state in which an LFRA member is barred) that "establishes [that member's] entitlement to practice law *in the forum state*." *Id.* at 606 (emphasis added). LFRA can point to no such record that exists, and that disposes of this claim.

**6.  The Admission Rules do not implicate § 2072(b) of the Rules Enabling Act or § 332(d)(4) of the statutory rules for the Ninth Circuit Judicial Council because they are not "general rules of practice and procedure" prescribed by the Supreme Court under § 2072(a).**

LFRA invokes two related statutes for its challenges here: the Rules Enabling Act, 28 U.S.C. §§ 2071–2072, and the Ninth Circuit Judicial Council's statutory duties under 28 U.S.C. § 332(d)(4). Section 2071 empowers federal district courts to make local rules, which must "be consistent with

Acts of Congress and rules of practice and procedure prescribed under section 2072." 28 U.S.C. § 2071(a). Section 2072(a) empowers the Supreme Court to make "general rules of practice and procedure and rules of evidence" for the lower federal courts—which, according to section 2072(b), must "not abridge, enlarge or modify any substantive right." *Id.* § 2072(a)–(b). Section 332(d)(4) requires each judicial council of the U.S. Courts of Appeals to "periodically review the rules which are prescribed under section 2071 . . . by district courts within its circuit for consistency with rules prescribed under section 2072" by the Supreme Court. *Id.* § 332(d)(4). The judicial council may "modify or abrogate any such rule found inconsistent." *Id.*

LFRA alleges that the Admission Rules violate § 2072(b)'s requirement that rules "shall not abridge, enlarge, or modify any substantive right." The parties dispute whether § 2072(b) applies to the Admission Rules in the first place. LFRA argues that § 2071(a)'s limits for district courts' local rules and § 2072(b)'s limits for the Supreme Court's rules are "interlocking," and thus § 2072(b) sets forth a standard of review that applies to the Admission Rules. Defendants argue that the Admission Rules are not "general rules of practice and procedure" prescribed by the Supreme Court under § 2072(a), so § 2072(b) does not apply. Rather, according to Defendants, the Admission Rules are subject only to § 2071(a)'s requirement that they "be consistent with Acts of Congress and rules of practice and procedure prescribed under section 2072" by the Supreme Court. *Id.* § 2071(a). A plain reading of the statute supports Defendants' position. *See Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) ("[W]hen the statute's language is plain, the sole function of the courts . . . is to enforce it according to its terms." (quoting *Hartford*

*Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000))).   Since LFRA does not identify any conflict between the Admission Rules and the authorities cited in § 2071(a) (either an Act of Congress or a rule prescribed under § 2072 by the Supreme Court), the Rules Enabling Act claim fails.

LFRA further alleges that § 332(d)(4) requires the Ninth Circuit Judicial Council to review the Admission Rules, applying § 2072(b)'s allegedly "stricter than strict scrutiny" standard of review.   Even if § 332(d)(4) could support a private right of action against the Ninth Circuit Judicial Council, the provision provides for the review of local rules only for "consistency with rules prescribed under section 2072" by the Supreme Court.   28 U.S.C. § 332(d)(4). LFRA's failure to allege a conflict between the Admission Rules and any rule prescribed under § 2072 also means that LFRA cannot state a claim for any violation of § 332(d)(4).

### 7. Rules 1 and 83 of the Federal Rules of Civil Procedure do not create a private right of action.

LFRA alleges that the Admission Rules violate two Federal Rules of Civil Procedure: Rule 1's command that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and Rule 83's requirement that local rules adopted by a district court "must be consistent with . . . federal statutes and rules adopted under 28 U.S.C. §§ 2072 and 2075," Fed. R. Civ. P. 83(a)(1) (referring to the "general rules of practice and procedure and rules of evidence," 28 U.S.C. § 2072(a), and

"bankruptcy rules," *id.* § 2075, prescribed by the Supreme Court).

According to § 2072, however, the Federal Rules of Civil Procedure—which, unlike the Admission Rules, are in fact "general rules of practice and procedure" prescribed by the Supreme Court—cannot "abridge, enlarge or modify any substantive right."  28 U.S.C. § 2072(a)–(b); *cf. Sibbach v. Wilson & Co.*, 312 U.S. 1, 10, 14 (1941) (holding Rules 35 and 37 of the Federal Rules of Civil Procedure did not "abridge, enlarge, nor modify substantive rights" but "really regulate[d] procedure" alone).    As the district court concluded, Rules 1 and 83 of the Federal Rules of Civil Procedure do not create a private right of action.

### 8.  The due process claim lacks sufficient factual allegations.

LFRA asserts procedural due process violations from the nonrecusal of the district judge in this case "when federal judges have previously partnered themselves with and adopted forum state interests as their own," and the requirement of "entry-level testing" for already-barred attorneys where "review of their bar exam scores is not available in practice as state supreme courts never grant review."  As the district judge noted, the amended complaint fails to allege any basis warranting his recusal under 28 U.S.C. § 455.[10]  LFRA pleads no facts as to why the district judge's "impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *United States v. Spangle*, 626 F.3d 488, 495 (9th Cir. 2010) (noting § 455(a)'s objective standard for

---

[10] In fact, the case was assigned to a judge from outside the forum district.  Judge Mosman, U.S. District Judge for the District of Oregon, presided over this case filed in the District of Arizona.

recusal calls for "a fact-specific inquiry that should be guided by the circumstances of the specific claim"). Nor does LFRA plead any facts about "personal bias or prejudice" on his part. 28 U.S.C. § 455(b)(1); *United States v. Winston*, 613 F.2d 221, 222 (9th Cir. 1980) (noting § "455(a) and (b)(1) are to be construed together when the ground for recusal is the bias or partiality of the trial judge," which means § 455(a)'s objective, fact-specific standard applies to recusal under § 455(b)(1)). To the extent that LFRA claims that the assignment of *any* district judge to this case violates due process, that is a conclusory assertion that cannot support the claim. The procedural due process challenge to the state bar exam is similarly lacking. LFRA asserts that its members right to review of their bar exam scores "is not available in practice as state supreme courts never grant review," but it pleads no facts to support this vague and conclusory allegation. *Cf. Giannini*, 911 F.2d at 357 (holding Giannini failed to state a valid constitutional claim based on alleged procedural defects related to review of his bar exam results because the opportunity to present his claim before the California Supreme Court satisfied the minimum procedural requirements of due process).

## C. Dismissal with Prejudice

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam). "A district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion." *Id.* "[W]here the record does not clearly dictate the district court's denial [of leave to amend], we have been unwilling to affirm absent written findings,

and have reversed findings that were merely conclusory." *Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1292–93 (9th Cir. 1983) (citation omitted). But "futile amendments should not be permitted." *Id.* at 1293 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The district court did not abuse its discretion in dismissing the amended complaint with prejudice and denying LFRA a second opportunity to amend. Although the district court's order did not contain written findings, our de novo review confirms that the "the record . . . clearly dictate[d]" the futility of amendment and the district court's decision. *Id.* at 1292. We find that the complaint could not be saved by amendment, so dismissal with prejudice and without leave to amend was appropriate.

## D. Denial of Motion for Judgment on the Pleadings

A motion for judgment on the pleadings under Rule 12(c) "before any answer [is] filed . . . [is] procedurally premature and should [be] denied." *Doe*, 419 F.3d at 1061. Rule 12(c) provides: "*After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c) (emphasis added). "[P]leadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed, assuming . . . that no counterclaim or cross-claim is made." *Doe*, 419 F.3d at 1061.

LFRA moved for judgment on the pleadings before Defendants answered the amended complaint. The district court therefore denied LFRA's motion as procedurally premature, with leave to re-file if Defendants filed an answer. This denial was proper.

## IV.  CONCLUSION

For these reasons, we affirm the district court's dismissal with prejudice of LFRA's claims and denial of LFRA's motion for judgment on the pleadings.

**AFFIRMED.**