NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVA KING, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> TYLER PERRY, in his individual and representative capacity; TYLER PERRY STUDIOS, a Georgia limited liability company; and ARTHUR PRIMUS, in his individual and representative capacity; <br><br> Defendants-Appellees. | No. 24-4841 <br><br> MEMORANDUM[*] <br><br> D.C. Case No. 2:24-cv-02650-PA-JC |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 10, 2026[**]
Pasadena, California

Before: RAWLINSON, N.R. SMITH, Circuit Judges, and LIBURDI, District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

1

Marva King (King) appeals the district court's order dismissing her claims against Tyler Perry (Perry), Tyler Perry Studios (TPS), and Arthur Primus (Primus) (collectively, Defendants) on the basis of lack of personal jurisdiction with respect to TPS, and failure to state a claim as to the remaining Defendants. We review de novo a district court's dismissal for lack of personal jurisdiction and for failure to state a claim. *See Williams v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1020 (9th Cir. 2017). We review jurisdictional discovery rulings and dismissal without leave to amend for abuse of discretion. *See Burri Law PA v. Skurla*, 35 F.4th 1207, 1218 (9th Cir. 2022); *see also Lawyers for Fair Reciprocal Admission v. United States*, 141 F.4th 1056, 1063 (9th Cir. 2025). We affirm.

1.      The district court correctly dismissed all claims against TPS for lack of general personal jurisdiction. TPS is a limited liability company (LLC) incorporated in Georgia with its principal place of business also in Georgia. *See Doe v. Deutsche Lufthansa*, 157 F.4th 1103, 1110 (9th Cir. 2025) (observing that "[a] court may exercise general jurisdiction only when a defendant is essentially at home in the State'") (citation and internal quotation marks omitted).

2.      The district court also correctly dismissed all claims against TPS for lack of specific personal jurisdiction. To "assert specific jurisdiction over a nonresident defendant . . . [,] the defendant's suit-related conduct must create a substantial connection with the forum State." *Axiom Foods, Inc. v. Acerchem Int'l,*

*Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (citation omitted). Because TPS is not authorized to transact business in California; has no employees in California; does not advertise in California; maintains no facilities in California, and does not purposefully direct its activities toward the California market, there was no "substantial connection" with California. *Id.*

3.      The district court did not abuse its discretion when it denied King's request for jurisdictional discovery. *See LNS Enters. LLC v. Cont'l Motors, Inc.*, 22 F.4th 852, 865 (9th Cir. 2022) (holding that jurisdictional discovery is not warranted when a plaintiff seeks "jurisdictional discovery without providing any affidavit or evidence substantiating their requests or describing with any precision how such discovery could be helpful") (internal quotation marks omitted).

4.      The district court did not err in dismissing King's Lanham Act claims because the use of King's name in the film credits was a nominative fair use. *See Yuga Labs, Inc. v. Ripps*, 144 F.4th 1137, 1163 (9th Cir. 2025) (explaining that "[w]here a mark is the only word reasonably available to describe a particular thing, use of that mark lies outside of trademark law") (citation, alteration, and internal quotation marks omitted).

5.      The district court acted within its discretion by "declin[ing] to exercise supplemental jurisdiction" over King's state law claims after dismissing King's Lanham Act claim. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th

3

Cir. 2010) (citation omitted).

**6.** The district court did not err in dismissing claims against Primus even though he had not been served. *See Abaginin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir. 2008) (explaining that a district court may dismiss non-served defendants who are in a similar position to served defendants).

**7.** Finally, the district court did not abuse its discretion in dismissing without leave to amend. *See Center for Biological Diversity v. USFS,* 80 F.4th 943, 956 (9th Cir. 2023) (explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**