NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 26 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWYERS FOR FAIR RECIPROCAL ADMISSION,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>ANN A. SCOTT TIMMER, Chief Justice of the Arizona Supreme Court; JOHN R. LOPEZ IV, Justice, Arizona Supreme Court; ROBERT BRUTINEL, Justice, Arizona Supreme Court; CLINT BOLICK; JAMES P. BEENE, Justice, Arizona Supreme Court; WILLIAM G. MONTGOMERY, Justice, Arizona Supreme Court; KATHERYN KING, Justice, Arizona Supreme Court,<br><br>        Defendants - Appellees. | No. 25-3551<br><br>D.C. No.<br>2:24-cv-02175-GPC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Gonzalo P. Curiel, Senior District Judge, Presiding

Submitted May 21, 2026[**]
Phoenix, Arizona

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GOULD, BERZON, and HURWITZ, Circuit Judges.

Lawyers for Fair Reciprocal Admission ("LFRA") appeals the district court's dismissal of its complaint against members of the Arizona Supreme Court and the district court's pre-filing order applicable to LFRA's attorney, Joseph Giannini. We affirm.

1.     LFRA's complaint challenged Arizona Supreme Court Rule 34(e), which permits attorneys licensed in other states to be admitted in Arizona without taking the Arizona Bar examination if their state of licensure extends similar privileges to lawyers admitted in Arizona. LFRA argues that Rule 34 violates the Fourteenth Amendment's Equal Protection Clause, the Article IV Privileges and Immunities Clause, the First Amendment, and the Full Faith and Credit Act, 28 U.S.C. § 1738.[1] These arguments are squarely foreclosed by our prior opinions involving challenges to bar admission rules brought by the same attorney now representing LFRA. *See Nat'l Ass'n for the Advancement of Multijurisdictional Prac. ("NAAMJP") v. Berch*, 773 F.3d 1037 (9th Cir. 2014), *LFRA v. United States*,

---

[1]     LFRA's briefing does not challenge the dismissal of its procedural due process claims, its First Amendment right to petition or association claims, or its claims under the Fourteenth Amendment's Privileges or Immunities Clause. Nor does it meaningfully develop its argument that the Rule is a prior restraint. These claims are therefore forfeited. *Jones v. Allison*, 9 F.4th 1136, 1139 n.6 (9th Cir. 2021); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

141 F.4th 1056, 1067-72 (9th Cir. 2025) ("*LFRA I*"), *cert. denied*, 146 S. Ct. 890 (2025).

2. A three-judge panel is bound by Circuit precedent unless "an intervening Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point." *United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992) (cleaned up). Recognizing as much, LFRA argues that several recent Supreme Court cases—*National Institute of Family and Life Advocates v. Becerra*, 585 U.S. 755 (2018), *Students for Fair Admissions, Inc. v. President and Fellows of Harvard College*, 600 U.S. 181 (2023), *Reed v. Town of Gilbert*, 576 U.S. 155 (2015), *Fulton v. City of Philadelphia*, 593 U.S. 522 (2021), and *Chiles v. Salazar*, 146 S. Ct. 1010 (2026)—abrogate the holdings in *Berch* and *LFRA I*. But none of these cases deals with reciprocal admission rules, and Rule 34 plainly does not—as was the case with the schemes challenged in those cases—discriminate on the basis of race, the content of speech, or a particular viewpoint. Nor does Rule 34 retaliate against LFRA's members "after the fact for having engaged in protected speech." *Hou. Cmty. Coll. Sys. v. Wilson*, 595 U.S. 468, 474 (2022).[2]

---

[2] LFRA also argues that the district court erred in denying leave to amend so that it could add member declarations to its pleadings. But these declarations only attest to the members' qualifications and how they are allegedly disadvantaged by Rule 34. The district court correctly concluded that amendment to add these declarations would be futile because they did not "cure the deficiencies in Plaintiff's legal theories."

3. The court did not abuse its discretion in imposing a pre-filing order on attorney Giannini. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1062 (9th Cir. 2007) (stating standard of review). District courts may issue pre-filing orders against attorneys in response to frivolous filings. *Id.* at 1063. A frivolous filing is "baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc).

LFRA's complaint fits this description. Its arguments were squarely foreclosed by *Berch* and *LFRA I*, and no reasonable reading of subsequent Supreme Court decisions undermines those precedents. Moreover, Giannini has repeatedly and unsuccessfully challenged lawyer admission schemes on similar theories for decades. *See, e.g.*, *Giannini v. Real*, 711 F. Supp. 992, 995 (C.D. Cal. 1989); *Russell v. Hug*, 275 F.3d 812, 815, 819-23 (9th Cir. 2002); *NAAMJP v. Castille*, 799 F.3d 216, 218 (3d Cir. 2015); *NAAMJP v. Roberts*, 180 F. Supp. 3d 46, 52 (D.D.C. 2015); *LFRA v. United States*, No. 22-2399, 2023 WL 145530, at *1 (D.N.J. Jan. 10, 2023), *appeal filed*, No. 23-1154 (3d Cir. Jan. 26, 2023). The district court thus reasonably concluded that no lawyer, "after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded." *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

"[T]he sanction imposed must be tailored to curtail the attorney's particular misconduct." *Molski*, 500 F.3d at 1063. The district court did not abuse its discretion

in concluding that a pre-filing order would curtail Giannini's behavior. *See Molski*, 500 F.3d at 1062 (affirming imposition of a pre-filing order on a law firm for vexatious litigation); *see also Paciulan v. George*, 38 F. Supp. 2d 1128, 1145-47 (N.D. Cal. 1999) (imposing pre-filing order against Giannini), *aff'd on other grounds*, 229 F.3d 1226 (9th Cir. 2000); *NAAMJP v. Gonzales*, 211 F. App'x 91, 94, 96 (3d Cir. 2006) (affirming pre-filing order against Giannini). The pre-filing order here only applies to complaints "regarding admission to and the regulation of practice of law" in Arizona and does not prevent Giannini from pursuing nonfrivolous claims after an initial screening review by a district judge. *See Molski*, 500 F.3d at 1061.[3]

**AFFIRMED.**[4]

---

[3]     LFRA argues in passing that the pre-filing order violates the *Noerr-Pennington* doctrine. LFRA forfeited this argument by failing to raise it to the district court. *Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1404 (9th Cir. 1985). In any event, the doctrine only protects parties who petition the government for redress from statutory liability. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006).

[4]     LFRA's motion for judicial notice, **Dkt. 54**, is DENIED.